DECISION
{¶ 1} Defendant-appellant, Thomas G. Moody, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for "Condition for Waiver of specified additional Court Costs." Because the trial court properly denied defendant's motion, we affirm.
 {¶ 2} Defendant's appeal follows an extensive history of litigation arising out of a December 12, 1997 indictment charging defendant with murder and felonious assault, both with a firearm specification, and having a weapon under disability. See State v. *Page 2 Moody, Franklin App. No. 02AP-353, 2003-Ohio-950. On September 22, 1998, a jury found defendant guilty of murder, felonious assault, and the firearm specifications; the state entered a nolle prosequi on the weapons under disability charge. The trial court sentenced defendant accordingly, and defendant appealed. The trial court's judgment was affirmed in a memorandum decision. State v. Moody (Sept. 30, 1999), Franklin App. No. 98AP-1371. After this court granted defendant's application to reopen his appeal, this court reversed his conviction due to error in the jury instructions. State v. Moody (Mar. 13, 2001), Franklin App. No. 98AP-1371. Although the first attempt to retry his case resulted in a mistrial, defendant ultimately was convicted on all counts. Defendant again appealed, and this court affirmed his conviction. Moody, 2003-Ohio-950, cited above.
 {¶ 3} On August 15, 2006, defendant filed in the trial court the motion subject of his current appeal. He asked the trial court to suspend collection of the costs assessed against him until he was released from prison and employed. The state opposed the motion, contending indigency does not shield a defendant from the imposition and collection of court costs. The state further argued that not only did res judicata bar defendant's motion, but his motion also lacked evidentiary documentation. Defendant replied that the state misinterpreted his motion, as he was not seeking to have court costs waived, but only to have collection postponed.
 {¶ 4} On September 28, 2006, the trial court journalized a decision overruling defendant's motion. Defendant appeals, assigning three errors:
 ASSIGNMENT OF ERROR NO. 1
 Did the trial court and the prosecutor commit plain error when they knew defendant was innocent of murder/felonious assault as a principal and went on to re-convict defendant as *Page 3 
a principal to the charged crimes(s) of murder/felonious assault in the third trial of case No. 97CR-12-6839, after this high court had reversed and remanded this case back to trial in its March 13, 2001 ruling. Defendant would like to bring to this high court's attention that when defendant was reconvicted as a principal to the charges of murder/felonious assault, defendant had already spent four (4) years, two (2) months and nine (9) days incarcerated as an aider and abettor under the complicity statute for the same crime in case No. 97CR-12-6839.
 ASSIGNMENT OF ERROR NO. 2
 Did the Trial Court and state's prosecutor commit plain error in dismissing a credible eye-witnesses [sic] testimony of the shooting that occurred on 11/11/97?
 ASSIGNMENT OF ERROR NO. 3
 Did the Trial court violate the "Manifest Disregard Doctrine" when it convicted defendant of a crime(s) being fully aware defendant was not guilty of those crimes?
 {¶ 5} To the extent defendant is attempting to use his motion regarding costs as a vehicle for once again addressing the merits of his convictions, defendant may not do so. Defendant did not ask the trial court to address the underlying convictions, the trial court did not address them, and for that reason, among others, the propriety of his convictions is not appropriately before this court. Rather, on appeal he may assign as error any deficiencies in the trial court's judgment overruling his motion concerning costs.
 {¶ 6} To the extent defendant's three assigned errors may be interpreted to contest the trial court's judgment declining to waive or postpone collection of court costs assessed against defendant, the assigned errors are unpersuasive. In State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, the Supreme Court noted that R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant, but "rather it requires *Page 4 
a court to assess costs against all convicted defendants." (Emphasis sic.) Id. at ¶ 8. Thus, a trial court may constitutionally assess court costs as part of the sentence imposed on an indigent defendant convicted of a felony. Id. at ¶ 9, et seq.
 {¶ 7} While defendant contends the prison may not properly employ R.C.5120.133 in collecting costs from his prison account, the trial court correctly concluded defendant's arguments under R.C. 5120.133 are without merit. In State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, the Supreme Court determined the prisons' use of R.C. 5120.133 to collect from a prisoner's account is appropriate. To the extent defendant seeks to adjust collection of the costs from his prison account by invoking his indigency status, the trial court properly concluded under White that defendant is adequately protected under the same laws that protect other civil debtors. See White, supra, at ¶ 13 (noting that because the Ohio Administrative Code allows inmates to claim exemptions and the types of exemptions available under R.C.2329.66, it is constitutional).
 {¶ 8} More significant to defendant's appeal, the Supreme Court also held not only that an indigent criminal defendant's motion to waive payment of costs must be made at the time of sentencing, but that the sentencing entry is a final appealable order as to costs.Threatt, at paragraphs two and three of the syllabus. Accordingly, to the extent defendant sought waiver or postponed collection of court costs, he should have so moved at the time of sentencing. Had he done so, the issue would have been preserved for appeal and reviewed under an abuse of discretion standard in the direct appeal from his convictions. Because defendant did not raise the matter during sentencing, "the issue is waived and costs are res judicata." Id. at ¶ 23. *Page 5 
 {¶ 9} Finally, defendant also filed an "Evidentiary Motion for Court Costs," contending that although our judgment entry of March 13, 2001 assessed court costs to the state, the trial court assessed $2,170.70 in costs to him "that had already been assessed against Appellee." Disregarding the procedural deficiencies in defendant's motion, we note that it misconstrues our entry assessing costs. Following this court's March 13, 2001 opinion reversing the judgment of the trial court, we remanded the case for a new trial and at the same time assessed the costs of the appeal to the state. When defendant was retried and found guilty, the trial court properly assessed court costs arising from the January 2002 retrial proceedings in the trial court to defendant, as both White and Threatt explained. As a result, defendant's motion is denied.
 {¶ 10} Accordingly, defendant's three assignments of error are overruled, his "Evidentiary Motion for Court Costs" is denied, and the trial court's judgment denying defendant's motion for "Condition for Waiver of specified additional Court Costs" is affirmed.
Motion denied; judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1