OPINION
{¶ 1} Appellant, Kenneth Tackett, appeals from a judgment of the Portage County Municipal Court, Ravenna Division, in favor of plaintiff-appellee, Grange Mutual Casualty Company. We affirm the judgment of the lower court.
 {¶ 2} This matter arises from an automobile accident involving Tackett and Karen Sawastuk, which occurred on April 26, 2004.
 {¶ 3} The essential facts at issue are not in dispute. On the day in question, Tackett was operating a black 2000 Chevrolet pickup truck heading southbound on *Page 2 
State Route 88 in Portage County, Ohio. Tackett was towing a haybine, a farm implement used for mowing hayfields, which had been purchased earlier at an auction in Middlefield, Ohio. Sawastuk was traveling northbound in a 2000 Chevrolet pickup truck, returning from a doctor's appointment in Ravenna. State Route 88 is a two-lane highway which is approximately 21 feet wide from edge to edge. The haybine being towed by Tackett was 13 feet, 1 inch wide at its widest point, which caused the edge of the haybine to protrude approximately three feet wider on each side than the body of Takett's truck.
 {¶ 4} Both vehicles approached a stretch of road with guardrails on both sides. According to Tackett, as he approached the guardrails, he slowed down to between 25 and 30 miles per hour. Sawastuk, approaching from the opposite side and traveling the posted speed limit, had just rounded a bend in the road. As she finished negotiating the bend, Sawastuk saw Tackett's vehicle attempting to negotiate the area between the guardrails, and opined that Tackett's vehicle "was not going to make that section of the road without hitting the guardrail," so she quickly applied her brakes, moved as far to the right as she could, and braced for impact.
 {¶ 5} The haybine struck the guardrail, which caused the tongue to shear, thus detaching the machine from Tackett's vehicle. The haybine, which traveled approximately seventy-five feet from the point of impact, struck Sawastuk's truck on the driver's side, causing $11,531.44 in damage.
 {¶ 6} Appellee, Grange, Sawastuk's insurer, paid the claim to have her vehicle repaired. On November 24, 2004, Grange, as subrogee of Sawastuk, filed the instant negligence complaint against Tackett. When Tackett failed to file an answer, default judgment was entered in favor of Grange on April 7, 2005. *Page 3 
 {¶ 7} On May 11, 2005, Tackett filed a motion for relief from judgment, which was granted by the trial court on June 3, 2005. A bench trial was held on the issue of liability of March 20, 2007, with the parties stipulating as to the amount of damages. Tackett testified at trial that an unidentified vehicle struck the haybine causing it to hit the guardrail and become detached from his truck. On April 12, 2007, the court found Tackett liable for the damages caused.
 {¶ 8} It is from this judgment that Tackett timely appealed, assigning the following as error for our review:
 {¶ 9} "[1.] The court erred and abused its discretion when it allowed testimony pertaining to Tackett leaving the scene of the accident with an uninsured vehicle and returning with an insured vehicle, and when it engaged in a colloquy characterizing what it believed to be the motives of the missing witness to be, or what the missing witness would have testified, had he been identified.
 {¶ 10} "[2.] The court lost its way and decided against the manifest weight of the evidence when it determined that Appellant was at fault in the accident because there was insufficient evidence in the record to make a determination that Grange had proved their case on the issue of liability by a preponderance of the evidence."
 {¶ 11} In his first assignment of error, Tackett first contends that the trial court erred and abused its discretion in allowing testimony establishing that he left the scene of the accident with his truck, which was uninsured, and returned shortly thereafter with another truck, belonging to his daughter, which was insured. Tackett argues that this line of questioning should not have been permitted, since he did not dispute either of these facts. Thus, Tackett claims that the admission of this evidence was improper as *Page 4 
being irrelevant for the purpose of establishing his liability for the accident, since these events occurred after the accident.
 {¶ 12} "The admission or exclusion of evidence rests within the sound discretion of the trial court." State v. Rhodes, 11th Dist. No. 2000-L-089, 2001-Ohio-8693, 2001 Ohio App. LEXIS 5650, at *15 (citation omitted). "An appellate court will not disturb the ruling of a trial court as to the admission or exclusion of evidence absent an abuse of discretion and a showing that appellant has suffered material prejudice." Id. at *15-*16 (citation omitted) (emphasis added). An abuse of discretion consists of more than an error of law or judgment. Rather, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169
(citation omitted).
 {¶ 13} Evid.R. 401, defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence which is relevant is generally admissible, subject to certain exclusions, and irrelevant evidence is generally inadmissible. Evid.R. 402.
 {¶ 14} Appellant challenges two instances where the trial court allowed this line of questioning. In the first, Grange's counsel engaged in the following line of inquiry with Sawastuk.
 {¶ 15} "Q: Following the accident, as you're sitting in your truck, do you call 911?
 {¶ 16} "A: Yes.
 {¶ 17} "Q: Do you talk to anybody at the scene prior to the state patrol arriving?
 {¶ 18} "A: He came up to the car.
 {¶ 19} "Q: He being Mr. Tackett? *Page 5 
 {¶ 20} "A: Mr. Tackett. And asked if I was okay. And then said, `I will be right back.'
 {¶ 21} "Q: O.K. Did anyone else stop?
 {¶ 22} "A: Not to my knowledge.
 {¶ 23} "Q: Did you see Mr. Tackett talking to anybody?
 {¶ 24} "A: No. Because I was calling 911. Looking for my phone, which was thrown across the truck. And then when I found it this was all I could think of was call 911.
 {¶ 25} "Q: Did Mr. Tackett ever say anything like, I'm going to get the guy that hit me?'
 {¶ 26} "A: I don't recall.
 {¶ 27} "Q: He just said that, `I'll be back.?'
 {¶ 28} "A: `I'll be back.'
 {¶ 29} "Q: Did he come back?
 {¶ 30} "A: Yeah.
 {¶ 31} "Q: When he came back, was he driving the same black truck?
 {¶ 32} "A: No, Sir."
 {¶ 33} Tackett's counsel objected on the basis that "Facts after the scene don't really establish liability." The court overruled his objection. Grange's counsel then asked the following:
 {¶ 34} "Q: Was he driving the same truck?
 {¶ 35} "A: No.
 {¶ 36} "Q: What color was the truck he was driving when he came back?
 {¶ 37} "A: Blue. *Page 6 
 {¶ 38} "Q: Did it have a trailer hitch on it?
 {¶ 39} "A: No, it did not.
 {¶ 40} Although, generally speaking, "Evid.R. 411 prohibits the admission of `[e]vidence that a person was * * * insured against liability * * * upon the issue of whether he acted negligently or wrongfully,'"Fickes v. Kirk, 11th Dist. No. 2006-T-0094, 2007-Ohio-6011, at ¶ 18
(citation omitted), the foregoing colloquy makes no mention about the presence or absence of insurance on Tackett's 2000 Chevrolet. Thus, the admission of the aforementioned testimony was not erroneous on these grounds. Furthermore, we note that the matter proceeded before the judge in a bench trial. "In a bench trial, the trial court is presumed to rely only on relevant, material evidence in arriving at its judgment."State v. King (Feb. 1, 2001), 8th Dist. No. 77566, 2001 Ohio App. LEXIS 312, at *6 (citations omitted). We find no abuse of discretion in the trial court's admission of this testimony.
 {¶ 41} Later at trial, when cross-examining Tackett, the following testimony was elicited:
 {¶ 42} "Q: All right. And you heard Karen testify earlier, she testified you never said anything about another vehicle when you said you were leaving. Did you hear that?
 {¶ 43} "A: Yes, I did.
 {¶ 44} "Q: And you disagree with what she just said today?
 {¶ 45} "A: Yes, I do.
 {¶ 46} "Q: Do you also disagree with the state patrolman who indicated there was no evidence, except for what you said happened, that another vehicle was involved? *Page 7 
 {¶ 47} "A: Yes I do. If you — and you guys brought this up. I did not. If you read what you said, you said how any other debris. [sic] And he said there was some glass there. I picked that up in my hands and showed him three or four other pieces laying there and said `What about this?' And he said, `It could be old, it could be new.'
 {¶ 48} "Q: And it could also be any of the damage you see in Exhibit Seven, which is the vehicle that Karen was driving that day, Mrs. Sawastuk; isn't that true?
 {¶ 49} "A: Except for the fact that her headlights are still in her truck.
 {¶ 50} "Q: Hanging out. You can't see the front of them, right?
 {¶ 51} "A: But guess what. We found glass. This is her headlights still in the truck.
 {¶ 52} "Q: Let me ask you this. You changed trucks because you had something to hide; isn't that true?
 {¶ 53} "Mr. Timmons: Objection.
 {¶ 54} "The Court: I'll overrule. This is cross-examination.
 {¶ 55} "A: I don't think I have anything to hide.
 {¶ 56} "Q: The fact that you didn't have insurance on a vehicle you were operating on a state highway is nothing to hide?
 {¶ 57} "A: I tried to do what I thought was best for that lady.
 {¶ 58} "Q: Which was grabbing a vehicle, your daughter's vehicle that had insurance on it at that time?
 {¶ 59} "A: That's correct. And I'm the one that told the state highway patrol that. No one else did. I did."
 {¶ 60} As mentioned earlier, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the *Page 8 
action more probable or less probable than it would be without the evidence." Evid.R. 401. We cannot conclude that the admission of undisputed evidence that Tackett switched vehicles after the accident is not relevant to the issue of his negligence. It is certainly relevant to the issue of whether appellant left the scene to pursue the third vehicle which allegedly started the chain of events, as he claims, or left the scene for another reason entirely, i.e., to substitute vehicles. As appellant himself admitted, he returned with his daughter's vehicle, which was insured, because he "tried to do what I thought was best for that lady." A reasonable inference from this testimony is that Tackett was aware of his fault in causing the accident.
 {¶ 61} Based upon the foregoing, we cannot conclude the trial court's admission of this testimony, on the basis of relevance, was arbitrary, unreasonable or unconscionable.
 {¶ 62} Tackett next argues even if the evidence was relevant, the admission of the aforementioned evidence was unduly prejudicial.
 {¶ 63} Evid.R. 403(A) governs one of the circumstances under which the exclusion of relevant evidence is mandatory. State v. Hamilton, 11th Dist. No. 2000-L-003, 2002-Ohio-1681, at ¶ 81. The rule states that the trial court is required to exclude otherwise relevant evidence in cases where the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or of misleading the jury." State v. Totarella, 11th Dist. No. 2002-L-147,2004-Ohio-1175, at ¶ 34 (citation omitted); State v. Entze, 11th Dist. No. 2003-P-0018, 2004-Ohio-5321, at ¶ 28. "The rule requires that the unfair prejudice substantially outweigh the probative value of the evidence." Oberlin v. Akron Gen. Med. Ctr, 91 Ohio St.3d 169, 171,2001-Ohio-248 (emphasis sic). *Page 9 
 {¶ 64} "Exclusion on the basis of unfair prejudice involves more than a balance of mere prejudice. If unfair prejudice simply meant prejudice, anything adverse to a litigant's case would be excludable under Evid.R. 403. Emphasis must be placed on the word `unfair.' Unfair prejudice is that quality of evidence which might result in an improper basis for a * * * decision. Consequently, if the evidence arouses * * * emotional sympathies, evokes a sense of horror, or appeals to an instinct to punish, the evidence may be unfairly prejudicial." Id. at 172, citing Weissenberger's Ohio Evidence (2000) 85-87, Section 403.3.
 {¶ 65} Sawastuk's testimony can hardly be considered of the character which would arouse emotional sympathies or appeal to an instinct to punish. Accordingly, the trial court did not abuse its discretion in admitting it.
 {¶ 66} With regard to the second colloquy, we note that the testimony in question was elicited on cross-examination. Evid.R. 611(B) provides that "[c]ross examination shall be permitted on all relevant matters and all matters affecting credibility." Evid. R. 411, allowing for the exclusion of evidence relating to liability insurance, "does not require the exclusion of evidence of insurance against liability when offered for another purpose." The Supreme Court of Ohio has held that "Evid.R. 411 `allows admission of evidence of liability insurance when offered to prove bias or prejudice of a witness.'" Oberlin, 91 Ohio St.3d at 172, citing Beck v. Cianchetti (1982), 1 Ohio St.3d 231, 236. Evidence of this sort is also admissible on cross-examination when "it [is] offered to prove the witness's motive to misrepresent." Id.
 {¶ 67} "As the trier of fact [in a bench trial], the judge is presumed to disregard any prejudicial testimony when making a decision."State v. Dyer, 8th Dist. No. 88202, 2007-Ohio-1704, at ¶ 21. Since the aforementioned testimony was highly relevant to *Page 10 
appellant's motive behind leaving the scene of the accident, as well as his motive to misrepresent or fabricate, we cannot conclude that the admission of the insurance evidence, or the admission of the evidence that Tackett returned to the scene in a different, insured vehicle, was an abuse of discretion under the circumstances.
 {¶ 68} Tackett also alleges error in the "unsubstantiated speculation" of the court, in its judgment entry suggesting what the motives or the testimony of the "missing motorist" would have been. We find no merit to this argument.
 {¶ 69} Tackett refers to the court's judgment entry granting judgment in favor of Grange. The court stated:
 {¶ 70} "While it is possible that a third vehicle struck the rear of the haybine, the court finds the alleged driver's behavior unusual. If that driver had in fact struck the haybine, thus causing the accident that resulted in significant property damage, and then stopped to speak to Tackett, he would likely had done so in order to provide his insurance information to Tackett. But he did not do that. If, on the other hand, he was not insured and wished to escape liability, he would likely not have stopped at all so as not to give anyone at the scene an opportunity to obtain his identity. Finally, if he had merely observed the accident but knew that he had not struck the haybine, his brief stop to express his sympathy was less unusual.
 {¶ 71} "The court also finds it unusual that when the other driver stopped and spoke with Tackett, Tackett did not immediately obtain his identity and insurance information. If the other driver had caused the accident, it would make sense that Tackett's first priority would have been to ascertain who he was and whether he had insurance." *Page 11 
 {¶ 72} As the trier of fact in this case, the court is charged with "[t]he choice between credible witnesses and their conflicting testimony." State v. Kidd, 11th Dist. No. 2006-P-0087, 2007-Ohio-6562, at ¶ 82 (citation omitted). As such, the court "is free to believe all, part, or none of the testimony of each witness." Id. (citation omitted).
 {¶ 73} Contrary to Tackett's assertions, this was not "unsubstantiated speculation" by the trial court regarding "alleged driver's" motives. Rather, the court was merely considering and weighing Tackett's testimony in light of all of the other evidence introduced at trial. As is clear from the remainder of the judgment entry, the court mentioned the foregoing as being among the reasons the court was "not persuaded by Tackett's version of events." Even if the aforementioned judgment had been ultimately in error, the trial court is entitled, and from the perspective of this court, encouraged, to give the reasons behind its judgment.
 {¶ 74} Tackett's first assignment of error is without merit.
 {¶ 75} In his second assignment of error, Tackett argues that the trial court's judgment was against the manifest weight of the evidence. We disagree.
 {¶ 76} When reviewing a trial court's decision on a manifest weight of the evidence basis, an appellate court is guided by the presumption that the findings of the trial court were correct. Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80; In re Williams, 10th Dist. Nos. 01AP-867 and 01AP-868, 2002-Ohio-2902, at ¶ 7. "The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflections, and gestures, and may use these observations in assessing the credibility of the testimony." In re Memic, 11th Dist. Nos. 2006-L-049, 2006-L-050 and 2006-L-051, 2006-Ohio-6346, at ¶ 21, citingSeasons Coal, 10 Ohio St.3d at 80. Accordingly, *Page 12 
judgments which are supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 77} As we noted earlier, the matter was before the trial court solely on the issue of negligence. Thus, Grange had the burden to prove, by a preponderance of the evidence, that Tackett was the negligent party. "[T]he preponderance of the evidence standard is synonymous with the phrase `more likely than not.'" Ostmann v. Ostmann,168 Ohio App.3d 59, 2006-Ohio-3617, at ¶ 23 (citation omitted). Thus, Grange needed to "present evidence upon which a trier of fact may reasonably determine that it is more likely than not that the negligence of a defendant was the direct or proximate cause of the plaintiffs injury." Galay v. Dept.of Transp., 10th Dist. No. 05AP-383, 2006-Ohio-4113, at ¶ 8 (citations omitted).
 {¶ 78} Grange offered the testimony of Sawastuk and Trooper Roger Kuhn of the State Highway Patrol to establish that Tackett had operated his vehicle negligently.
 {¶ 79} Sawastuk offered uncontroverted testimony that the haybine struck the guardrail, causing it to dislodge from the back of Tackett's truck and strike her vehicle. Sawastuk, Trooper Kuhn, and Tackettall testified that the haybine was wider than a single lane of the road. Sawastuk testified that Tackett could not have passed through the roadway with his left wheels on the centerline without hitting the guardrail, and this is why she moved over and attempted to slow down. Trooper Kuhn took measurements of the haybine and determined that it was approximately three feet wider than the lane of travel. Appellant himself admitted that the guardrail was "no more than three feet" from the edge line of his lane. Trooper Kuhn, who has been with the State Highway Patrol since 1993, has been trained in accident investigation, and has conducted "at *Page 13 
least a thousand" accident investigations during the course of his career, including "rar[e]" instances involving farm equipment, testified that Tackett had told him that the haybine had been struck from the rear by another vehicle, but found "no evidence" of fresh damage to the haybine, or tire marks from another vehicle. Trooper Kuhn took photographs and measurements of the roadway, the guardrail, the haybine and Sawastuk's vehicle, which were also offered into evidence.
 {¶ 80} Based upon all of this evidence, Trooper Kuhn opined "[t]hat Mr. Tackett went too far to the right and stuck the guardrail with the baler [sic] which caused the vehicles to shift left of center, striking Ms. Sawastuk and causing that part of the accident." Thus, there was competent, credible evidence to support the trial court's judgment, and we find no error in the court's conclusion that the accident was "more likely than not" caused by Tackett's negligence.
 {¶ 81} Tackett's second assignment of error is without merit.
 {¶ 82} For the foregoing reasons, we affirm the judgment of the Portage County Municipal Court, Ravenna Division. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1