[Cite as *J.P. v. T.H.*, 2016-Ohio-243.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

J. P.

     Appellant

     v.

T. H.

     Appellee

C.A. No.     14CA010715

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     14CV183837

DECISION AND JOURNAL ENTRY

Dated: January 25, 2016

---

SCHAFER, Judge.

{¶1} Petitioner-Appellant, J.P., appeals the judgment of the Lorain County Court of Common Pleas denying his request for a permanent civil stalking protection order against Respondent-Appellee, T.H. For the reasons set forth below, we affirm.

I.

{¶2} J.P. and T.H. are neighbors in a townhouse development that includes a skate park located near J.P.'s residence. J.P. has actively been trying to close the skate park due to alleged "chronic nuisance conditions, including crime[.]" As part of his campaign to shut down the skate park, J.P. has confronted, videotaped, and called the police on a number of the park's patrons.

{¶3} J.P. asserts that beginning in the spring of 2014, T.H. "began a campaign of retaliation" against him due to his opposition to the skate park. According to J.P., this campaign has included T.H. stalking and harassing him on a variety of occasions. J.P. accused T.H. of

mailing him an anonymous letter that contained derogatory and threatening language. The letter also instructed J.P. to move out of the neighborhood for the betterment of the community. T.H. has denied sending the letter and he also disclaimed an interest in the development's skate park.

{¶4} On the evening of June 22, 2014, T.H. was riding his bicycle down the street towards his home, returning from the development's community swimming pool. T.H. was forced to pass J.P.'s residence in order to get to his own home. As T.H. passed J.P.'s residence, J.P. yelled out that he was not intimidated by T.H. A physical altercation then ensued. J.P. claims that T.H. came onto his driveway, knocked a video camera out of his hand, and struck him in the head. Alternatively, T.H. and another neighbor who witnessed the altercation both assert that J.P. approached T.H. near the street and slapped him numerous times. It is undisputed that J.P. subsequently withdrew a firearm that had been concealed on his person and briefly aimed it at T.H. Upon seeing the firearm, T.H. and the neighbor immediately retreated and called the police. As a result of this altercation, the police placed T.H. under arrest.

{¶5} The next day, J.P. petitioned for and received an ex parte civil protection order. A magistrate subsequently held a two-day evidentiary hearing on J.P.'s petition. T.H. was represented by counsel and J.P., an attorney, appeared pro se during both days of the full evidentiary hearing. Both parties were provided with an opportunity to testify and ask questions of the other party. Both parties were also given an opportunity to present evidence.

{¶6} The magistrate issued a decision denying J.P.'s petition for a permanent protection order against T.H. The trial court adopted the magistrate's decision on the same day. J.P. filed objections to the magistrate's decision, which the trial court overruled on November 17, 2014. J.P. subsequently filed a Civ.R. 60(B) motion based on new evidence of alleged stalking,

as well as a motion to show cause against T.H. and his witnesses over their allegedly perjured testimony during the full hearing. The trial court denied both of those motions.

{¶7} J.P. now appeals from the trial court's denial of his petition for a permanent protection order and raises twelve assignments of error for this Court's review. To facilitate our analysis, we elect to address J.P.'s assignments of error out of order.

II.

**Assignment of Error I**

**The trial court's/magistrate's July 11, 2014, October 7, 2014, and November 17, 2014 decisions denying, and/or adopting and confirming the magistrate's decision denying, [J.P.] a permanent protection order against [T.H.] were erroneous, including for the following reasons.**

{¶8} In his first assignment of error, J.P. argues that the trial court's judgments adopting the magistrate's decision and overruling his objections thereto were "contrary to law, and/or arbitrary and unreasonable" because those decisions were "fundamentally erroneous and defective * * * and contrary to the manifest weight of the evidence and to the law[.]" Moreover, J.P. contends that the magistrate abused his discretion.

{¶9} We note that J.P. has failed to set forth any case law to support his assertion that the trial court committed error in either adopting the magistrate's decision or denying his objections to the magistrate's decision. *See* App.R. 16(A)(7). Further, with regard to his first assignment of error, J.P.'s appellate brief neither develops an argument nor presents any legal support to buttress his contention that the trial court erred. "An appellant must affirmatively demonstrate error on appeal and must provide legal arguments that substantiate the alleged error." *Rosen v. Chesler,* 9th Dist. Lorain No. 08CA009419, 2009–Ohio–3163, ¶ 11. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, * 8 (May 6, 1998). This

Court "will not guess at undeveloped claims on appeal." *State v. Wharton,* 9th Dist. Summit No. 23300, 2007–Ohio–1817, ¶ 42. As such, we decline to address his argument.

**{¶10}** J.P.'s first assignment of error is overruled.

### Assignment of Error II

**The trial court did not conduct the required *de novo* review of the magistrate's decision denying [J.P.] a permanent protection order.**

**{¶11}** In his second assignment of error, J.P. argues that the trial court failed to undertake a de novo review of the magistrate's decision. Specifically, J.P. contends that the trial court adopted the magistrate's decision on the very same day that the magistrate issued his decision, which was two months before the transcript of the full hearing was available. According to J.P., the trial court's decision to adopt the magistrate's decision could not have been based on any evidence and thus, his due process rights were violated. We disagree.

**{¶12}** The parties appear to disagree on appeal about which rule of civil procedure applies in this matter as J.P. relies on Civ.R. 65.1 while T.H. cites to Civ.R. 53. But, Civ.R. 65.1(A) provides that the provisions of the rule:

> apply to special statutory proceedings under R.C. 3113.31 * * * providing for * * * stalking * * * civil protection orders, [and] shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule.

According to these plain terms, we must apply Civ.R. 65.1 in this matter. *See M.K. v. J.K.*, 9th Dist. Medina No. 13CA0085-M, 2015-Ohio-434, ¶ 6 ("Civ.R. 65.1 governs civil protection orders.").

**{¶13}** Civ.R. 65.1(F)(3)(c)(ii) authorizes the trial court to adopt a magistrate's decision so long as there is "no error of law or other defect *on the face of the order*." (Emphasis added.)

This language contemplates that pursuant to Civ.R. 65.1, the trial court need only review the order itself before deciding whether to adopt, reject, or modify it. Nothing within the language of Civ.R. 65.1 prohibits a trial court from contemporaneously adopting a magistrate's decision. As such, we conclude that the trial court did not err in adopting the magistrate's decision on the same day, regardless of the fact that the trial court did not review a transcript of the proceedings before doing so.

{¶14} However, we note that J.P. ultimately received a de novo review of the magistrate's decision by the trial court. Although he was not required to do so under Civ.R. 65.1, J.P. filed objections and supplemental objections to the magistrate's decision denying his petition for a permanent protection order against T.H. The trial court considered and ultimately overruled J.P.'s objections after a transcript of the full hearing had been made available.

{¶15} Therefore, J.P.'s second assignment of error is overruled.

### Assignment of Error III

**The magistrate and/or the trial court, before the full hearing, had an improper ex parte communication – in [T.H.]'s favor and with unknown third parties – during which the temporary protection order was amended; then failed to give [J.P.] after-the-fact notice of the communication and resulting amendment; and then, during the full hearing, refused to disclose to [J.P.] the full details of the communication.**

{¶16} In his third assignment of error, J.P. argues that the trial court erred by limiting the scope of the ex parte protection order after the Avon Lake Police Department informed the magistrate that the protection order was "unworkable." Specifically, J.P. challenges the propriety of the ex parte communication that resulted in the amendment of his ex parte protection order. Lastly, J.P. asserts that he had a right to be present at any judicial proceeding concerning his petition or, at the very least, the right to receive notice that the scope of his protection order had been altered. We disagree.

{¶17} After reviewing the record, we determine that J.P. failed to object during the full hearing either to the magistrate's amending of the ex parte protection order or to the process by which it was accomplished. While J.P. said at the full hearing that the court's actions limiting the scope of the protection order raised "a little bit of a concern," he also stated that his concern was "not directed at [the trial court]" and that he did not "necessarily disagree with the amendment [to the ex parte protection order]." These statements, in our view, were insufficient to properly preserve his objection. Thus, J.P. has forfeited all but plain error. *See Renacci v. Evans*, 9th Dist. Medina No. 09CA004-M, 2009-Ohio-5154, ¶ 24. While J.P. fashions a plain error argument in his brief, we note that, "[i]n civil cases, the application of the plain error doctrine is reserved for the rarest of circumstances." *Id.* Since this is not one of the rarest of circumstances, we determine that the magistrate's amendment to the ex parte civil protection order reducing the distance that T.H. was required to stay away from J.P. at all times did not amount to plain error.

{¶18} Accordingly, we overrule J.P.'s third assignment of error.

### Assignment of Error X

**The magistrate and/or the trial court considered a civil protection order against [J.P.] himself, and/or made affirmative findings to that effect, without according [J.P.] due process.**

{¶19} In his tenth assignment of error, J.P. argues that the trial court erred by making "an affirmative finding and holding against him" in its judgment entry adopting the magistrate's decision despite the fact that no petition had been filed against him. We disagree with J.P.'s argument because we determine that the trial court's entry imposes no restrictions or obligations upon him. Rather, the entry "strongly urge[s]" the parties to "cease any and all communication(s)" with each other and "to make every attempt to respect the other's rights

particularly due to the fact that they are neighbors in the same residential development." Based upon the non-obligatory nature of the statement, the trial court's entry was not tantamount to a petition filed against him. J.P.'s argument is not well-taken.

{¶20} J.P.'s tenth assignment of error is overruled.

### Assignment of Error XI

**The trial court's November 14, 2014 denial of [J.P.]'s October 22, 2014 verified Rule 60(B) motion[1] was erroneous.**

{¶21} In his eleventh assignment of error, J.P. argues that the trial court erred by denying his Rule 60(B) motion for relief from judgment. We disagree.

{¶22} "'A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.'" *Wells Fargo Bank, N.A. v. Clucas,* 9th Dist. Summit No. 27264, 2015–Ohio–88, ¶ 8, quoting *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). An abuse of discretion indicates that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983). Reviewing courts may not substitute its judgment for that of the trial court when applying the abuse of discretion standard. *Pons v. Ohio State Med. Bd.,* 66 Ohio St.3d 619, 621 (1993).

{¶23} Civ.R. 60(B) provides in relevant part:

[T]he court may relieve a party * * * from a final judgment * * * for the following reasons: * * * (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; * * * or (5) any other

---

[1] J.P filed an initial Civ.R. 60(B) motion on October 8, 2014, wherein he argued that he was deprived of the opportunity to supplement his objections to the magistrate's decision after the transcript of the proceedings had been filed as provided for in Civ.R. 65.1(F)(2)(d)(iv). The trial court granted J.P.'s Civ.R. 60(B) motion on October 16, 2014. J.P. subsequently filed a second Civ.R. 60(B) motion on October 22, 2014, which the trial court ultimately denied. J.P.'s eleventh assignment of error concerns the trial court's denial of his second Civ.R. 60(B) motion.

reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment * * * was entered or taken.

The Ohio Supreme Court has held that "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." *State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151 (1996).

{¶24} Here, J.P.'s Civ.R. 60(B) motion contains so-called "newly-discovered evidence," which he believes demonstrates that T.H. engaged in a pattern of menacing by stalking even after the trial court's July 11, 2014 decision. J.P.'s motion describes numerous encounters with and sightings of T.H. and T.H.'s "proxies" following the full hearing on his petition.

{¶25} "In general, newly discovered evidence has been interpreted to mean facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *In re S.S.,* 9th Dist. Wayne No. 04CA0032, 2004-Ohio-5371, ¶ 13, citing *Schwenk v. Schwenk*, 2 Ohio App.3d 250, 253 (8th Dist.1982). Therefore, matters occurring *subsequent* to an evidentiary hearing are not considered newly discovered evidence upon which to justify the granting of a new hearing. *See Columbus & S. Ohio Elec. Co. v. Pub. Util. Comm.*, 10 Ohio St.3d 12, 13–14 (1984) (newly discovered evidence does not include evidence of matters occurring after trial); *see also Bachtel v. Bachtel,* 7th Dist. Mahoning No. 03 MA 75, 2004–Ohio–2807, ¶ 46 (newly discovered evidence cannot be evidence that did not exist prior to trial); *Schwenk* at 252

(collecting cases determining that there can be no Civ.R. 60(B) relief for evidence which has only come into existence after a trial has concluded). This limitation is well-grounded in the basic concept of finality of judgments. "To permit parties to bring up issues and facts that occurred after the trial would only serve to leave judgments unsettled and open to challenge at any time." *Hails v. Hails*, 11th Dist. Lake No. 92–L–182, 1993 WL 407258, * 1 (Sept. 30, 1993). There must be a reasonable end to litigation. *Id.* "'To allow otherwise would mean the potential perpetual continuation of all trials in derogation of the notion of finality.'" *S.S.* at ¶ 14, quoting Fink, Greenbaum, & Wilson, *Guide to the Ohio Civil Rules of Procedure*, Section 59:14 (2003). As such, because the examples of "newly discovered evidence" cited within J.P.'s Civ.R. 60(B) motion are of incidents that occurred subsequent to the full hearing, we conclude that the trial court did not err in denying the motion.

{¶26} J.P.'s eleventh assignment of error is overruled.

### Assignment of Error IV

**The magistrate, during the full hearing, failed to *sua sponte* continue the full hearing due to [J.P.'s] concussion.**

### Assignment of Error V

**The magistrate, during the full hearing, allowed [T.H.'s] counsel to cross-examine [J.P.] on a legal objection, in a harassing and discriminatory manner, and on irrelevant matters.**

### Assignment of Error VI

**The magistrate, during the full hearing, unduly interrupted [J.P.], and, separately, prevented [J.P.] from effectively cross-examining [T.H.'s] witnesses.**

### Assignment of Error VII

**The magistrate, during the full hearing, denied [J.P.] direct examination of a material witness, denied [J.P.] rebuttal testimony and rebuttal argument, and refused to let [J.P.] proffer the excluded testimony/argument.**

**Assignment of Error IX**

**The magistrate's findings and holdings were against the manifest weight of the evidence and against the law.**

{¶27} In his fourth, fifth, sixth, seventh, and ninth assignments of error, J.P. takes issue with numerous rulings that the magistrate made throughout the course of the full evidentiary hearing. For example, J.P.'s arguments include that the magistrate erred by not sua sponte continuing the hearing after learning that he was operating under the effects of a concussion, by allowing T.H. to cross-examine him in a harassing manner and on irrelevant matters, by interrupting him and preventing him from effectively cross-examine witnesses, and by refusing to let him offer rebuttal testimony to T.H.'s witnesses' testimony.

{¶28} We reject J.P.'s arguments on these points because, when appealing from a trial court's order adopting a magistrate's decision, "[a]ny claim of trial court error must be based upon the actions of the trial court," not the magistrate. *Citibank v. Masters*, 9th Dist. Medina No. 07CA0073-M, 2008-Ohio-1323, ¶ 9, quoting *Mealey v. Mealey*, 9th Dist. Wayne No. 95CA00093, 1996 WL 233491, * 2 (May 8, 1996). Stated differently, the standards for appellate review do not apply to the court's acceptance or rejection of the magistrate's findings or proposed decision. *Mealey* at * 2. The proper inquiry then is whether the trial court abused its discretion in overruling J.P.'s objections to the magistrate's decision. However, in these assignments of error, J.P. does not argue that the trial court abused its discretion in adopting the magistrate's decision. As such, these assignments of error are not properly before this Court and we decline to address them.

{¶29} J.P.'s fourth, fifth, sixth, seventh, and ninth assignments of error are overruled.

## Assignment of Error VIII

**The magistrate and the trial court ignored clear perjury by [T.H.] and his witnesses during the full hearing. The magistrate during the hearing itself failed to *sua sponte* strike [T.H.'s] and his witnesses' entire testimony or to otherwise sanction them for their perjury, and the trial court itself *post-hearing denied [J.P.'s] November 14, 2014 motion to show cause.***

{¶30} In his eighth assignment of error, J.P. contends that the trial court erred by failing to sua sponte strike T.H. and T.H.'s witnesses' testimony, or to otherwise sanction them, for offering perjured testimony during the full hearing. We disagree.

{¶31} We note that much of J.P.'s argument concentrates on the magistrate's failure to either sua sponte strike the witnesses' alleged perjured testimony or sanction the witnesses for their alleged false testimony. However, as discussed above, this Court does not review the actions of magistrates, only trial courts. *See Mealey*, 1996 WL 233491, at * 2. Thus, because J.P. has not argued on appeal that the trial court abused its discretion on these points, this assignment of error is not properly before this Court and we will not address it.

{¶32} J.P. does argue that the trial court erred by denying his post-hearing motion to show cause against T.H. and his witnesses for their alleged perjury. However, J.P.'s assignment of error implicates a question of witness credibility. The trial court, as the trier of fact, was in the best position to resolve factual questions and weigh the credibility of the witnesses. *See State v. Mills*, 62 Ohio St.3d 357, 366 (1992). As such, we decline to substitute our judgment for that of the trial court in ruling on witness credibility.

{¶33} J.P.'s eighth assignment of error is therefore overruled.

## Assignment of Error XII

**The magistrate's/trial court's cumulative errors created a fundamentally unfair proceeding.**

**{¶34}** In his twelfth assignment of error, J.P. contends that, viewing all of the trial court's errors cumulatively, he was denied of a fair hearing. We disagree.

**{¶35}** Under the cumulative error doctrine, a judgment may be reversed if the cumulative effect of multiple errors deprives a party of his constitutional rights even though, individually, the errors may not rise to the level of prejudicial error or cause for reversal. *See State v. Garner,* 74 Ohio St.3d 49, 64 (1995). However, "the cumulative error doctrine is not typically employed in civil cases." *See e.g., Stanley v. Ohio State Univ. Med. Ctr.,* 10th Dist. Franklin No. 12AP–999, 2013–Ohio–5140, ¶ 124. Consistent with this principle, its application here is not warranted. We have rejected all of the errors that J.P. has assigned for our review in this appeal. As such, J.P.'s argument regarding cumulative error is not well-taken.

**{¶36}** J.P.'s twelfth assignment of error is overruled.

### III.

**{¶37}** With all of J.P.'s assignments having been overruled, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

WHITMORE, P. J.
CONCURS.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶38} Although I would affirm the decision of the trial court, I would analyze J.P.'s assignments of error differently than the majority. With specific respect to assignments of error numbers four through nine, the majority relies upon our case law holding that "[a]ny claim of trial court error must be based upon the actions of the trial court," not the actions of the magistrate. *Citibank v. Masters*, 9th Dist. Medina No. 07CA0073-M, 2008-Ohio-1323, ¶ 9, quoting *Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 WL 233491, *2 (May 8, 1996). I am not convinced that this case law is appropriately applied to proceedings conducted under Civ.R. 65.1. *See Masters* at ¶ 9 (reviewing trial court's action on a magistrate's decision under Civ.R. 53), and *Mealey* at *2. Nonetheless, I would assume without deciding, that the magistrate's actions here are appropriately challenged on appeal, and I would overrule J.P.'s assignments of error on their merits. Accordingly, I concur in the judgment.

APPEARANCES:

J. P., pro so, Appellant.

GERALD WALTON, Attorney at Law, for Appellee.