[Cite as *J.T. v. J.G.*, 2026-Ohio-1771.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| J.T., | : | |
| Plaintiff-Appellant, | : | No. 115449 |
| v. | : | |
| J.G., ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 14, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-116629

### *Appearances:*

J.T., *pro se.*

TIMOTHY W. CLARY, J.:

{¶ 1} Plaintiff-appellant J.T. appeals from the trial court's order that denied his petitions for civil stalking protection orders ("CSPO"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On April 29, 2025, J.T. filed petitions for CSPOs, pursuant to R.C. 2903.214, against his ex-girlfriend A.S. and her mother J.G. J.T. alleged that A.S. had threatened to harm him; A.S. and her boyfriends had harassed him; and A.S., her friends, and family had confronted him at his place of work. Further, J.T. alleged that J.G. threatened him, harassed him at his workplace, and had her son and his friends attack him.

{¶ 3} On that same day, a magistrate conducted an ex parte hearing with J.T. and issued temporary orders to protect J.T. from A.S. and J.G.

{¶ 4} On May 14, 2025, the magistrate held a full hearing on the petitions, and the court electronically recorded the proceedings. The magistrate issued his decision with findings of fact and conclusions of law on May 16, 2025; the magistrate's decision reads as follows:

> This matter was heard by the magistrate on May 14, 2025, on petitioner [J.T.]'s petition for a civil stalking protection order against respondents [J.G.] and [A.S.]. Since [J.T.] did not prove a violation of R.C. 2903.211(D)(1) as to either respondent, his petitions for civil stalking protection order are denied.
>
> Petitioner [J.T.] went to high school prom with respondent [A.S.] in 2004. Respondent [J.G.] is [A.S.]'s mother.
>
> [J.T.] testified that when he was dating [A.S.] in 2004, whenever they would go on a date, she would disappear and her ex-boyfriend would arrive and threaten [J.T.]. [J.T.] also claims that during this same time period, [J.T.] was at [J.G.]'s home. [J.G.]'s son got into an altercation with someone in the neighborhood and [J.T.] refused to go to his aid. [J.T.] claims that [J.G.] and [A.S.] have held a grudge against him ever since.

[J.T.] testified that, beginning about ten years ago, about every week "off and on" either [J.G.], [A.S.], or persons directed by [J.G.] and [A.S.], d[r]ove by him, stared at him, or menaced him in some way. [J.T.] claims that for years his customers in the neighborhood in which [J.G.] and [A.S.] live have engaged in menacing conduct toward him, including brandishing a gun in his presence. He believes that [J.G.] and [A.S.] are responsible for this conduct.

[J.T.] also testified that about a week and two days prior to the hearing, [J.G.] and [A.S.] drove by him and stared at him with "threatening looks." [J.T.] claims that two days later, he encountered [J.G.] and [A.S.] while in his car, and [A.S.] challenged him to get out of the car and fight her.

[J.G.] and [A.S.] deny all of [J.T.]'s allegations. [J.G.] testified that she last saw [J.T.] in 2005 and did not remember who he was when she received the petition in this case. [A.S.] testified that she last saw [J.T.] in 2006. [J.T.] insists this is evidence that [A.S.] has been following him. Both [J.G.] and [A.S.] deny encouraging people, either their friends or [J.T.]'s customers, to menace [J.T.]. They deny driving by him and making menacing looks at him. [A.S.] denies challenging [J.T.] to fight her.

On April 29, 2025, [J.T.] filed this case for civil stalking protection orders against [J.G.] and [A.S.]. The court granted ex parte orders in favor of [J.T.] that same day. The case is now before the magistrate on the full merits of [J.T.]'s claims.

R.C. 2903.214 provides that a civil stalking protection order may be entered in favor of a petitioner where the respondent has engaged in a violation of R.C. 2903.211. R.C. 2903.211(A)(1) provides:

> No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person. . . .

A party seeking a civil stalking protection order must prove a violation of R.C. 2903.211 by a preponderance of the evidence. *Cole v. Tubbs*, (December 22, 2016), Cuyahoga App. No. 104117, 2016-Ohio-8321. A preponderance of the evidence means the greater weight of the

evidence. *Steinglass Mech. v. Warrensville Hts. Bd. of Education*, (2003), 151 Ohio App.3d 321, 328. Stated differently, preponderance of the evidence is synonymous with "more likely than not." *Grange Mut. Cas. Co. v. Tackett*, (February 15, 2008), Portage App. No. 2007-P-0037, 2008-Ohio-631. A "pattern of conduct" means "two or more actions or incidents, closely related in time." R.C. 2903.211(D)(1).

Here, [J.T.] cites incidents that occurred in 2005. Incidents supporting the entry of a protection order need not occur within any specific time frame. *M.J. W. v. T.S.*, (September 5, 2019), Cuyahoga App. No. 108014, 2019-Ohio-3573. Nevertheless, Ohio courts have held that incidents occurring over 20 months apart are not closely related in time such that they constitute a pattern of conduct supporting a claim for a civil stalking protection order. *See e.g. Miller v. Shaw*, (December 21, 2009) Carroll App. No. 09-CA-858, 2009-Ohio-6753 (Two fist fights over 20 months apart were not closely related in time); *Tuuri v. Snyder*, (April 30, 2002), Geauga App. No. 2000-G-2325, 2002-[O]hio-2107 (The respondent's acts of entering the petitioner's home uninvited twice in a two-year period were not closely related in time). Regardless of what actually happened in 2005, these incidents are too remote in time to be part of a recent pattern of menacing conduct. *See Id.*

[J.T.] also claims that [J.G.] and [A.S.] encouraged others, including their friends and his customers, to menace him. Speculation, without evidence, does not support the grant of a protection order. See *Newhouse v. Williams*, (2006), 167 Ohio App.3d 215, 221-222; *see also Insa v. Insa*, (October 21, 2015), Montgomery App. No. 26909, 2016-Ohio-7425, par 49. The petitioner must provide evidence linking the respondent to the menacing or threatening conduct — the link cannot be petitioner's mere assumptions. *Darling v. Darling*, (June 18, 2007), Jefferson App. Nos. 06 JE 6 & 06 JE 7, 2007-Ohio-2938. Without such evidence linking the conduct and the respondent, the conduct cannot be used to support the issuance of a protection order. *Id.* There is no actual evidence linking the alleged menacing behavior of these third parties to [J.G.] and [A.S.]. The only connection between respondents and this purported conduct of third parties is [J.T.]'s speculation and assumptions. These claimed acts of menacing by third parties do not support the entry of a protection order against [J.G.] and [A.S.]. See *Id.*

This leaves [J.T.]'s claims that [J.G.] and [A.S.] themselves engaged in menacing conduct toward him in the last week and, off and on, every

week for the last ten years. [J.G.] and [A.S.] deny engaging in this conduct and both testified that they have not seen [J.T.] in about 20 years. This contradictory testimony requires the court to determine the credibility of the witnesses who appeared at the hearing. Determining the credibility of witnesses is one of the court's most difficult decisions. Litigants misrepresent facts and exaggerate under oath. Some are good at it. Sometimes, both witnesses appear to lack credibility. The court must carefully view the witnesses and observe their general demeanor, gestures, body language, facial expressions, and voice inflections, and use these observations in weighing the credibility of their proffered testimony. The court also views the clearness or lack of clearness in the witnesses' recollections, the apparent intelligence of the witness, possible motives for falsifying testimony, and the reasonableness of the testimony in light of all the evidence. The court, is free to believe all, part, or none of the testimony of each witness appearing before it. *Hill v. Briggs* (1996), 111 Ohio App.3d 405, 412.

[J.T.]'s testimony is filled with speculation and assumptions without evidence backing it up. He has no pictures or videos of recent menacing conduct of [J.G.] and [A.S.]. He has no other witness testimony detailing menacing acts by [J.G.] and [A.S.]. [J.G.] and [A.S.]'s testimony denying any menacing conduct toward [J.T.] was direct, cogent, and unwavering. The testimony of [J.G.] and [A.S.] is more credible.

Therefore, it is more likely than not that [J.G.] and [A.S.] did not engage in menacing by stalking against [J.T.]. [J.T.]'s petitions against [J.G.] and [A.S.] must be denied. *See Id.*

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is rendered in favor of respondents [J.G.] and [A.S.] on [J.T.]'s claim for . . . civil stalking protection order[s].

IT IS FUTHER ORDERED, ADJUDGED, AND DECREED that the ex parte civil stalking protection order[s] against [J.G.] and [A.S.] entered on April 29, 2025, are vacated.

Magistrate's decision, May 16, 2025.

**{¶ 5}** On May 28, 2025, the trial court adopted the magistrate's decision and, accordingly, rendered judgment in favor of A.S. and J.G. and vacated the

previously entered ex parte civil stalking orders. The court also informed the parties that they could file objections to its adoption of the magistrate's decision.

{¶ 6} On June 6, 2025, J.T. filed a timely objection to the magistrate's decision. After conducting an independent review, the court found the objection was not well-taken and overruled it on July 16, 2025.

{¶ 7} On August 15, 2025, J.T. filed a notice of appeal from the trial court's judgment entry overruling his objection to the magistrate's decision.[1] The praecipe attached to the notice of appeal indicates J.T. sought to include, in accordance with App.R. 9(B), a complete transcript of the full CSPO hearing but no such transcript has been made a part of the record. J.T. now presents three assignments of error that appear to argue (1) the magistrate was biased, (2) the magistrate erred when he found in favor of A.S. and J.G., and (3) the trial court erred when it overruled J.T.'s objections to the magistrate's decision.

{¶ 8} After filing his appeal, J.T. filed with the trial court a motion to vacate the court's July 16, 2025 judgment entry overruling his objection. The trial court denied the motion because J.T.'s appeal was pending before this court and, therefore, the trial court lacked jurisdiction to rule on the motion.

**Legal Analysis**

---

[1] The notice of appeal states J.T. is appealing from the final judgment entry issued on August 14, 2025; the docket reflects that the trial court did not issue a judgment entry on that date. J.T. attached to the notice of appeal a copy of the trial court's July 16, 2025 judgment entry overruling his objection, and we presume this is the judgment entry from which J.T. has appealed.

{¶ 9} Initially, we note that J.T. acted pro se before the trial court and represents himself pro se on appeal. This court has previously recognized that

> a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.). Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.*, 2013-Ohio-5478, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 2017-Ohio-935, ¶ 7 (8th Dist.). Thus, we presume J.T. had knowledge of the law, legal procedures, and appellate process regarding his burden of demonstrating error on appeal.

{¶ 10} Further, neither A.S. nor J.G. filed a merit brief in this matter. Thus, we may accept J.T.'s statement of the facts and issues as correct and reverse the trial court's judgment if his merit brief reasonably appears to sustain such action. App.R. 18(C).

{¶ 11} This appeal stems from the trial court's order overruling J.T.'s objections to the magistrate's decision; the magistrate's decision denied J.T.'s petitions for CSPOs against A.S. and J.G. Civ.R. 65.1 governs CSPO proceedings, such as J.T.'s, that are filed in accordance with R.C. 2903.214. When a petitioner requests a CSPO, the magistrate conducts an initial hearing and, at the conclusion of the hearing, the magistrate either denies or grants the ex parte protection order. Civ.R. 65.1(F)(2). Following a subsequent full hearing, the magistrate issues a decision that either grants or denies the protection order. The magistrate's decision is not effective until adopted by the trial court. According to Civ.R. 65.1(F)(3)(c)(ii),

"the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." "This [statutory] language contemplates that pursuant to Civ.R. 65.1, the trial court need only review the order itself before deciding whether to adopt, reject, or modify it." *J.P. v. T.H.*, 2016-Ohio-243, ¶ 13 (9th Dist.). The trial court's adoption, modification, or rejection of the magistrate's decision becomes effective when signed by the trial court and filed with the clerk. Civ.R. 65.1(F)(3)(c)(v).

{¶ 12} A party may object to the trial court's adoption, modification, or rejection of the magistrate's decision within 14 days after the filing of the court's order. Civ.R. 65.1(A)(3)(d)(i). The objecting party must demonstrate (1) an error of law is evident on the face of the court's order, (2) the credible evidence of record is insufficient to support the magistrate's decision, (3) or the magistrate abused his or her discretion by including or failing to include specific terms in the CSPO. Civ.R. 65.1(A)(3)(d)(iii). "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R. 65.1(A)(3)(d)(iv). If the objections are filed prior to the transcript, the objecting party may request leave of court to subsequently file the transcript. *Id.*

{¶ 13} J.T.'s appellate brief is difficult to follow, and his assignments of error are difficult to discern. In his first assignment of error, J.T. seems to argue that the magistrate conducted himself unprofessionally and was biased against J.T. His

second assignment of error appears to argue that there was sufficient evidence to support his CSPOs and, thus, the trial court should have granted his objection to the court's adoption of the magistrate's decision. Specifically, J.T. contends that the magistrate erroneously found in favor of A.S. and J.G. because "[the magistrate] did not properly listen to [his] statement of why [he] needed a [protection order]" and the magistrate appeared to be unconcerned that A.S. and J.G.'s testimony indicated they would continue to harass him. Appellant's brief, p. 4. J.T.'s third assignment of error similarly argues that the trial court erred in denying his objection.

{¶ 14} A party may properly challenge a magistrate's impartiality or misconduct by filing a motion for disqualification with the trial court. *J.B. v. Harford*, 2015-Ohio-13, ¶ 36 (9th Dist.), citing *Stalnaker v. Peterson*, 2008-Ohio-4329, ¶ 12 (9th Dist.). J.T. did not file a motion seeking to disqualify the magistrate thereby preventing the trial court from addressing this matter. This court declines to address the magistrate's alleged impartiality or misconduct for the first time on appeal. *Delitoy v. I. Stylez Hair & Nails Design, Inc.*, 2020-Ohio-3370, ¶ 21 (8th Dist.), citing *Thompson v. Preferred Risk Mut. Ins. Co.*, 32 Ohio St.3d 340, 342 (1987) ("Claims that could have been raised and resolved in the trial court cannot be raised for the first time on appeal, and we decline to consider this newly asserted claim."). Further, any claim that the trial court abused its discretion in adopting the magistrate's decision "must be based upon the actions of the trial court," and not the magistrate. *J.P.*, 2016-Ohio-243 at ¶ 28, quoting *Citibank v. Masters*, 2008-Ohio-1323, ¶ 9 (9th Dist.), quoting *Mealey v. Mealey*, 1996 Ohio App. LEXIS 1828, *2 (9th

Dist. May 8, 1996) ("The proper inquiry then is whether the trial court abused its discretion in overruling J.P.'s objections to the magistrate's decision."). Any arguments directed at the magistrate's actions are not properly before this court.

{¶ 15} Pursuant to Civ.R. 65.1(F)(3)(d)(iv), J.T. was required to furnish the trial court with a transcript or affidavit of the evidence submitted to the magistrate to aid in the trial court's review of J.T.'s objection. No transcript or affidavit was filed with the trial court. On appeal, an "appellant is prohibited from challenging the factual findings of the magistrate unless [the appellant] files a transcript of the magistrate's hearing with the trial court with his objections." *J.S. v. D.L.*, 2018-Ohio-4775, ¶ 10 (8th Dist.), citing *Slepsky v. Slepsky*, 2016-Ohio-8429, ¶ 20 (11th Dist.). Absent a transcript or affidavit, J.T. cannot demonstrate error with respect to factual findings; thus, we must presume regularity of the trial court proceedings and accept that the facts were correctly interpreted. *T.H. v. Villoni*, 2020-Ohio-3767, ¶ 12 (9th Dist.).

{¶ 16} Accordingly, we overrule J.T.'s first, second, and third assignments of error.

{¶ 17} Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

EILEEN T. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR