DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, John Masters, appeals from the judgment of the Medina Municipal Court, which adopted the magistrate's decision, denied Masters' motion to quash the garnishment, and ordered the release to appellee, Citibank (South Dakota) N.A. ("Citibank"), of any proceeds from the attachment on deposit with the Clerk of Court pursuant to a garnishment order. This Court affirms.
 I. {¶ 2} On February 23, 2006, Citibank filed a complaint against Masters in the Akron Municipal Court, alleging that Masters was in default on a repayment *Page 2 
obligation upon a credit card account in the amount of $11,082.40. On May 4, 2006, the Akron Municipal Court ordered transfer of the case to the Medina Municipal Court.
 {¶ 3} After the filing of sundry motions, responses and orders not relevant to the instant issue on appeal, Citibank filed a motion for summary judgment. On October 13, 2006, the magistrate issued a decision, granting summary judgment in favor of Citibank and rendering judgment against Masters in the amount of $11,082.40, plus interest and costs. On October 23, 2006, Masters filed a motion for findings of fact and conclusions of law pursuant to Civ.R. 52. On November 28, 2006, after finding that no objections had been filed, the trial court adopted the magistrate's October 13, 2006 decision, and ordered judgment in favor of Citibank against Masters in the amount of $11,082.40, plus interest and costs.
 {¶ 4} On December 12, 2006, Citibank filed a motion for an order of garnishment against Skybank to attach money, property or credits, other than personal earnings, of Masters. On December 26, 2006, Citibank filed an affidavit sworn to by its agent, affirming that the affiant has a reasonable basis to believe that Masters may have property, other than personal earnings, that is not exempt from garnishment.
 {¶ 5} The Medina Municipal Court then sent a Notice to Judgment Debtor to Masters, informing him that an order had been issued in favor of Citibank, directing that some of his money, other than personal earnings, now in the *Page 3 
possession of Skybank be used to satisfy his debt to Citibank. The notice further informed him that some property may be held exempt from execution, garnishment, attachment or sale, and that he may dispute the judgment creditor's right to attach his property because it is exempt. The notice informed that Masters could request a hearing if he disputed Citibank's right to attach the Skybank funds.
 {¶ 6} On January 2, 2007, Masters requested a hearing to dispute Citibank's right to attach the Skybank funds, claiming exemption on the grounds that the funds were personal earnings. The magistrate heard the matter on January 11, 2007. On January 26, 2007, the magistrate issued a decision, denying Masters' motion to quash the garnishment after finding that Masters failed to prove that the Skybank property was exempt as personal earnings. Masters timely filed objections to the magistrate's decision. Citibank filed a response. On June 19, 2007, the trial court overruled Masters' objections, adopted the magistrate's January 26, 2007 decision, denied Masters' motion to quash the garnishment, and ordered that any proceeds from the attachment currently on deposit with the Clerk of Court pursuant to the garnishment order be released to Citibank. *Page 4 
 {¶ 7} Masters timely appeals,[1] raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FINDING THAT THE FUNDS IN MASTERS' SKY BANK ACCOUNT WERE OTHER THAN PERSONAL EARNINGS, WHEN THE ONLY EVIDENCE BEFORE THE COURT ESTABLISHED THAT THE FUNDS WERE EXEMPT AS PERSONAL EARNINGS."
 {¶ 8} Masters argues that the trial court erred when it adopted the magistrate's decision, which found that Masters failed to meet his burden of proof to demonstrate that the funds in his Skybank account were exempt as personal earnings. This Court disagrees.
 {¶ 9} In reviewing an appeal from the trial court's order adopting the magistrate's decision under Civ.R. 53(E)(4), this Court must determine whether the trial court abused its discretion in adopting the decision.Bobel Electric, Inc. v. Friedman, 9th Dist. No. 03CA008217, 2003-Ohio-4520, at ¶ 7. "Any claim of trial *Page 5 
court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} R.C. 2716.13 addresses proceedings in garnishment of property other than personal earnings. R.C. 2716.13(C)(2) provides that a judgment debtor may request a hearing for the purpose of disputing the judgment creditor's right to garnish the money or property. R.C.2716.13(C)(1) sets out the form that the order of garnishment of property, other than personal earnings, and notice shall take, including the following language:
 "If you dispute the judgment creditor's right to garnish your property and believe that the judgment creditor should not be given your money, property, or credits, other than personal earnings, now in the possession of the garnishee because they are exempt or if you feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim * * *. * * * If you request a hearing, the hearing will be limited to a consideration of the amount of your money, property, or credits, other than personal earnings, in the possession of the garnishee, if any, that can be used to satisfy all or part of the judgment you owe to the judgment creditor." *Page 6 
 {¶ 11} Masters concedes that he, as the judgment debtor, carries the burden of proof with regard to whether the Skybank funds are exempt from attachment. See Monogram Credit Card Bank of Georgia v. Hoffman, 3d Dist. No. 14-02-24, 2003-Ohio-1578, at ¶ 11, quoting Ashtabula Cty. Med.Ctr. v. Douglass (June 3, 1988), 11th Dist. No. 1331. TheDouglass court stated, in relevant part:
 "The burden of proof on the existence or applicability of an exemption or defense rests with the judgment debtor. * * * [The] failure of a judgment creditor or his legal counsel to attend the hearing should not result in an automatic finding in favor of the judgment debtor due only to the creditor's failure to appear. The judgment debtor must still go forward and meet his burden of proof. * * * At the conclusion of the hearing, if the judgment debtor satisfies the court that it has successfully met its burden of proof as to an exemption or a defense, then the court may dismiss the aid in proceedings, adjust the amount, or release the debtor from the debt altogether." (Internal citation omitted.) Douglass, supra; see, also, Hoffman at ¶ 11.
 {¶ 12} In this case, Masters requested a hearing because he alleged that the property in his Skybank account, funds in the amount of "a little over $4000," was exempt as personal earnings. Masters alone appeared for the hearing on January 11, 2007, and the magistrate heard his sworn testimony, including his statement that he "does not receive any other source of income other than earnings." Masters testified that he runs his own legal practice and that, as the sole shareholder in his company, he pays all company bills first and pays himself last. He testified that his pay is not directly deposited into his account because he does not often get paid out of the first monthly payroll due to the need to pay company bills first. *Page 7 
 {¶ 13} Masters presented a wage earning statement from November 6, 2006, evidencing payment in the amount of $3617.94. However, he testified that "there may not have been any" of that money remaining in the account. Masters then testified that the last deposit into his Skybank account would have been on December 22, 2006, because that was the date of his company's holiday payroll. Masters testified, however, that he could not find his wage earning statement from that date. Further, he did not testify as to the amount he received for that pay or the amount that would have been deposited into his account. Finally, Masters did not submit any account statements into evidence to verify the dates and amounts of deposits to the account.
 {¶ 14} Masters maintained the burden of proving that the property in his Skybank account was exempt from attachment as personal earnings. He failed to present any evidence, however, to substantiate any nexus between the funds on deposit and his earnings. Although he runs his own business, he was only able to produce a wage earning statement for monies he admitted were no longer in the account. On the other hand, he testified that he was unable to find any records from his own business which would substantiate the amount of his paycheck from December 22, 2006. He further failed to testify as to the amount of that paycheck or that it matched or approximated the amount on deposit in the Skybank account. Under these circumstances, this Court cannot say that the trial court abused its discretion by adopting the magistrate's decision based on the finding that Masters *Page 8 
failed to meet his burden of proving that the property in the Skybank account was exempt as personal earnings.
 {¶ 15} Masters' sole evidence in support of his claim of exemption was his testimony that the Skybank account contained only personal earnings. He presented no other evidence to substantiate that claim. This Court will not reverse a judgment only because the trier of fact did not believe a witness' testimony. See Truax v. Regal, 9th Dist. No. 20902, 2002-Ohio-4867, at ¶ 26. "Matters of credibility are primarily for the trier of fact." Id., citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. When reviewing the trial court's actions, this Court has repeatedly stated that, "as the trier of fact, the magistrate [i]s `best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proferred testimony. Truax at ¶ 26, citing Modie v. Andrews (July 26, 2000), 9th Dist. No. 19543. Accordingly, this Court cannot say that the trial court abused its discretion by adopting the magistrate's decision in this case. Masters' assignment of error is overruled.
 III. {¶ 16} Masters' sole assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.
 Judgment affirmed. *Page 9 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
WHITMORE, J., MOORE, J., CONCUR.
[1] Masters first filed a notice of appeal on January 2, 2007, in an attempt to appeal the November 28, 2006 judgment entry in which the trial court granted judgment in favor of Citibank against Masters in the amount of $11, 082.40. This Court dismissed that appeal as having been untimely filed. Citibank (South Dakota) N.A. v. Masters (Jan. 29, 2007), 9th Dist. No. 07CA0001-M. Masters again filed a notice of appeal on May 24, 2007, appealing from the April 26, 2007 judgment entry in which the trial court denied Masters' motion for relief from judgment pursuant to Civ.R. 60(B). That appeal is being addressed contemporaneously inCitibank (South Dakota) N.A. v. Masters, 9th Dist. No. 07CA0055-M. *Page 1