[Cite as *Rischitelli v. Rischitelli*, 2023-Ohio-3458.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JENNIFER RISCHITELLI | | C.A. No.     30284 |
|     Appellant | | |
|     v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT RISCHITELLI | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellee | | CASE No.     DR-2018-09-2571 |

DECISION AND JOURNAL ENTRY

Dated: September 27, 2023

FLAGG LANZINGER, Judge.

**{¶1}** Plaintiff-Appellant Jennifer Rischitelli (Jennifer) appeals from the judgment of the Summit County Domestic Relations Court, denying her objection to the November 9, 2021, "Judgement [sic.] Entry / Magistrate's Decision Ruling on Objection - Remanded" calculating amounts for child support and spousal support. This Court reverses in part, affirms in part, and remands for further proceedings.

I.

**{¶2}** This case is an appeal of child support and spousal support calculations stemming from a divorce case in Summit County Domestic Relations Court. Jennifer and Appellee Robert Rischitelli (Robert) have three children. The oldest child was emancipated in June of 2020.

**{¶3}** On January 31, 2020, the parties filed a separation agreement and shared parenting plan. The separation agreement contains terms agreed to by the parties for calculating child support, reading in pertinent part:

3. **PARENTAL RIGHTS AND RESPONSIBILITIES:**

* * *

**B. Child Support**

The parties submit that the Court is calculating all orders regarding child support, and therefore, all provisions regarding child support will be set forth in the parties' *Decree of Divorce*, except as the parties have agreed in the following paragraphs.

* * *

The parties agree that they shall, through their respective counsel, exchange photocopies of their Federal Income Tax Returns in each and every year that child support is to be paid, such exchange to occur on or before the 31st day of October, commencing in October, 2020 for income tax year 2019. If there is more than a ten percent (10%) increase and/or decrease in the overall calculation of child support, due to an increase or decrease in the income of either or both parties, child support shall be modified, either through counsel if the parties can agree, or in the absence of such agreement, through a Motion filed with the Court by either party asking for such modification. In each and every year, Child Support shall be calculated using Wife's current year's employment income, and an average of Husband's prior three years' of income from all sources as they relate to his employment and work as an attorney.

Neither party's income, gains, or losses from any other businesses they own and operate shall be considered in calculations for modification of child support. In addition, the parties agree that in any *future* modifications of child support, both parties shall be entitled to up to a twelve-percent (12%) reduction from their gross income for calculation purposes, for any mandatory or voluntary contributions to retirement *which have been actually made by that party.*

(Emphasis sic.)

**{¶4}** In February 2020, a decree of divorce was issued adopting the terms of the parties'

agreements. Per the divorce decree, child support was set as follows:

The child support amount issued in the Temporary Order of September 10, 2019 is amended to state that the child support obligor shall pay $1,561.73 per month for current child support, $64.38 per month for cash medical support for a total of $1,626.11 plus a 2% processing charge per month effective April 24, 2019 to the date of the trial, December 10, 2019.

A child support guideline is attached.

**{¶5}** On December 9, 2020, Robert filed a motion requesting support be recalculated due to the parties' oldest child being emancipated. The magistrate issued a decision modifying support which was adopted by the court on April 8, 2021. Jennifer objected to the magistrate's entry modifying support and Robert responded. On June 22, 2021, the parties filed an agreed entry which modified the terms of the separation agreement and decree of divorce. Relevant to this appeal, the entry stated:

> The parties hereby agree to modify the terms of their *Decree of Divorce* so that rather than exchanging the photocopies of the individual income tax returns on or before October 31, of each calendar year during the period that child and/or spousal support is ordered by this Court, that the parties shall, in each and every year, provide to Magistrate Elisa Hill, by October 31st of each year, unredacted photocopies of their Federal Income Tax Returns. Pursuant to the terms of the *Decree of Divorce* the Defendant will provide the last three (3) years of Federal Income Tax Returns and the Plaintiff shall provide the then current year's Federal Tax Return.

> Such tax returns shall be used by Magistrate Elisa Hill, in camera, to calculate child and/or spousal support in accordance with the parties' *Decree of Divorce* in this matter. These support calculations by the Magistrate will commence with a current child and spousal support calculation, retroactive to June 1, 2020, when the parties' oldest child graduated from high school and was over the age of (18). That current calculation shall be done by the Magistrate based upon both parties' 2019, 2018, and 2017 Federal Income Tax Returns, taking an average of Husband's three (3) years' of income and Plaintiff's then current year income from only the income sources enumerated in accordance with the parties' *Decree of Divorce*.

**{¶6}** Pursuant to the new agreed entry, rather than exchanging photocopies of their individual tax returns to each other through counsel, the parties agreed that Jennifer would provide the current year's tax return and Robert would provide the last three years' tax returns to the magistrate. The magistrate would review the tax returns *in camera* and calculate child support and spousal support pursuant to the separation agreement and decree of divorce. As of the agreed entry, Jennifer's objection to the magistrate's calculations for child support and spousal support from April 8 remained pending with the trial court.

**{¶7}** On August 11, 2021, the court issued a judgment entry sustaining two of Jennifer's objections to the April 8 judgment entry modifying support. The court remanded the matter to the Magistrate to determine the parties' incomes for calculation of child support and spousal support. As part of its order, the court ordered the parties to submit briefs with corresponding documentation calculating the amounts for child and spousal support. Because of the new terms of the new agreed entry, neither party possessed the tax return for the other and both were unable to calculate the obligations of the other. Jennifer objected to the court's order because she could not review Robert's tax returns. The parties submitted their briefs with support for their own income. On November 9, 2021, the trial court issued a "Judgement [sic.] Entry / Magistrate's Decision Ruling on Objection - Remanded" which attached and incorporated the magistrate's decision from the day previously and granted Robert's motion to modify support.

**{¶8}** Jennifer objected to the magistrate's decision. The trial court issued a judgment overruling Jennifer's original objection to the recalculation of support made by Robert, and overruling Jennifer's objection to the order requiring submission of a brief with support without access to Robert's taxes. The relevant sections of the March 17, 2022, "Judgment Entry: Ruling on Objection to Magistrate's Decision" read:

9.      Defendant/Father presented the court with 2017, 2018 and 2019 tax returns. His base pay income is $75,000 annually. Defendant/Father also earned K-1 income. According to the tax returns, his income totaled $102,541 for 2017, $212,000 for 2018 and $123,426 for 2019. This is a three year average of $145,989. This would be the income utilized in the child support worksheet.

10.      Plaintiff/Mother presented the court with a 2019 tax return which included the W-2. The W-2 reflects wages of $61,956.92. Defendant/Father argues that this income figure should not be utilized because it does not accurately reflect Plaintiff/Mother's total annual income. However, the decree states that *in any future modifications* of child support, both parties shall be entitled to up to a 12% reduction from their gross income for calculation purposes, for any mandatory or voluntary contributions to retirement which have been actually made by the parties. As previously stated in prior orders, Plaintiff/Mother's gross income is $73,000.

The court finds that the sum of $61,956.92 accurately reflects this reduction in Plaintiff/Mother's gross income. This is the income that will be utilized in calculating support.

11.     R.C. §3105.18 addresses spousal support modifications. Pursuant to R.C. §3101.18(E), the court can only modify a prior order of spousal support if the court determines that the circumstances of either party have changed and if one of the following applies:

> a. In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support; or

> b. In the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

12.     Further, the change in circumstances must be substantial and not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable. R.C. §3105.18(F)(1). In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. R.C. §3105.18(F)(2).

13.     Based upon the eldest son's emancipation, the court will recalculate the child support. Once the child support is recalculated, the court will equalize the incomes of the parties. In equalizing the incomes, the Family Law Software calculated spousal support to be $638 per month. Because the spousal support calculation does not result in a 10 % or greater change, the court will leave it at $600 per month. However, the child support will be modified due to the 10% or greater change from the previous decree due to the eldest child's emancipation.

14.     Spousal support is appropriate and reasonable in the amount of $600 per month minus the $200 as stated in the Decree for a total of $400 per month plus 2% processing fee. In addition, child support is modified to $1,382.34 per month plus 2% processing fee (worksheet and balance income attached).

(Emphasis sic.)

**{¶9}**     Jennifer has appealed, raising two assignments of error for our review.

II.

## <u>ASSIGNMENT OF ERROR I</u>

THE TRIAL COURT ERRED IN THE CALCULATION OF CHILD SUPPORT AND SPOUSAL SUPPORT, IN THAT THE COURT USED INCORRECT FIGURES FOR THE PARTIES' INCOMES, AND DID NOT CONSIDER NON-ALLOWABLE BUSINESS DEDUCTIONS.

{¶10} In her first assignment of error, Jennifer argues that the trial court erred in its calculation of spousal support and child support because it used incorrect figures for the parties' incomes and did not consider non-allowable business deductions.

{¶11} A trial court's award of spousal support is reviewed under an abuse of discretion standard. *Krone v. Krone*, 9th Dist. Summit No. 25450, 2011-Ohio-3196, ¶ 8, citing *Brubaker v. Brubaker*, 9th Dist. Summit No. 22821, 2006-Ohio-1035, ¶ 7. "We review matters involving child support under the abuse-of-discretion standard." *Krone* at 31, quoting *DeJesus v. DeJesus*, 170 Ohio App.3d 307, 2007-Ohio-678, ¶ 7 (9th Dist.); *see also Doubler v. Doubler*, 9th Dist. Medina No. 22CA0002-M, 2023-Ohio-393, ¶ 22. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

Calculation of Robert's Income

{¶12} Jennifer argues that the trial court did not take an average of Robert's prior three years' income when calculating support. She also argues that the calculations of the trial court are based upon estimated tax returns for 2019. The record indicates otherwise. As quoted above, paragraph 9 of the ruling on objection to magistrate's decision reads,

> Defendant/Father presented the court with 2017, 2018 and 2019 tax returns. His base pay income is $75,000 annually. Defendant/Father also earned K-1 income. According to the tax returns, his income totaled $102,541 for 2017, $212,000 for 2018 and $123,426 for 2019. This is a three year average of $145,989. This would be the income utilized in the child support worksheet.

We conclude that the trial court did use Robert's real values, not estimated values, to calculate Robert's income. Additionally, we conclude that $145,989 is the average of the three yearly values.

{¶13} Jennifer also argues that the trial court should have considered ordinary and necessary expenses incurred in generating gross receipts of Robert's business. However, the separation agreement of the parties reads, "In each and every year, Child Support shall be calculated using * * * an average of Husband's prior three years' of income from all sources as they relate to his employment and work as an attorney." The separation agreement does not include language directing the trial court to recalculate Robert's income by adding depreciation expenses and other noncash items into the income amount used to calculate support.

{¶14} The record indicates that the trial court conformed to the parties' agreed method of calculating Robert's income. The trial court reviewed Robert's tax returns for 2017, 2018, and 2019. The trial court used Robert's real numbers to calculate the three-year average of his income. The trial court correctly calculated the final value of Robert's income and outlines the method for that calculation within its order. Jennifer has not supported her argument that the trial court abused its discretion calculating Robert's income.

{¶15} Jennifer's argument that the trial court erred in the calculation of Robert's income lacks merit.

Calculation of Jennifer's Income

{¶16} Jennifer argues that the trial court erred in calculating Jennifer's income. We agree.

{¶17} The trial court calculated Jennifer's income as $73,000 utilizing an estimated value from prior orders. However, the parties' separation agreement states, "Child Support shall be calculated using Wife's current year's employment income[.]" The W-2 provided to the court indicates an annual Medicare wages and tips value (W-2 box 5) of $61,956.92. Wages, tips and

other comp. (W-2 box 1) indicates a value of $50,142.23. Per the separation agreement, Jennifer is entitled to "up to a twelve-percent (12%) reduction from [her] gross income for calculation purposes, for any mandatory or voluntary contributions to retirement which have been actually made[.]" Using her 2019 income of $61,956.92, reducing 12% would equate to a value of $54,522.09, which is $4,379.87 higher than the value showing in Jennifer's W-2 box 1. Instead of utilizing Jennifer's actual income, the trial court continued to use a previous estimate of income.

**{¶18}** Jennifer's argument that the court erred in the calculation of her income has merit. Accordingly, this matter must be reversed and remanded so that the trial court may calculate support consistent with the terms of the parties' separation agreement.

Calculation of Spousal Support

**{¶19}** Jennifer argues that the court erred in not calculating or recalculating spousal support. Considering this Court's disposition regarding Jennifer's argument about the calculation of her income, this argument regarding spousal support is premature at this time and overruled on that basis.

**{¶20}** Jennifer's first assignment of error is overruled in part, sustained in part, and the cause remanded so that the trial court may calculate support consistent with the terms of the parties' separation agreement consistent with this decision.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN DIRECTING THE PARTIES TO COMPLETE A LEGAL IMPOSSIBILITY, WHICH ERROR WAS TO THE DETRIMENT AND PREJUDICE OF APPELLANT.

**{¶21}** In light of this Court's disposition of Jennifer's first assignment of error, Mother's remaining assignment of error is premature at this time and overruled on that basis.

III.

**{¶22}** Jennifer's first assignment of error is overruled in part, and sustained in part, and the cause remanded to the Summit County Domestic Relations Court for further proceeding consistent with this decision. Jennifer's second assignment of error is overruled.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶23} I concur with the lead opinion in reversing the trial court's order and remanding for further consideration because the trial court erroneously calculated Jennifer's gross income for the purposes of calculating the child support order. However, I concur in judgment only as to the lead opinion's resolution of Jennifer's first assignment of error, as I would note that for the purposes of calculating gross income for the child support order, the trial court must look not only to the terms of the separation agreement, but also follow the statutory guidelines for such calculations set forth in R.C. 3119.01(C)(12).

{¶24} For the purpose of calculating child support, "'[g]ross income' means * * * the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses * * *; spousal support actually received; and all other sources of income." R.C. 3119.01(C)(12). In their separation agreement, Jennifer and Robert agreed to submit their income documents to the trial court for the trial court to do the child support calculation. The separation agreement waives some, but not all, of the provisions of R.C. 3119.01(C)(12). The separation agreement explicitly waives including any "income, gains, or losses from any other businesses [Jennifer and Robert] own and operate" and that Jennifer and Robert will use their respective "employment incomes" submitted to the trial court from their respective federal income tax return documents for that calculation. Here, the record reflects Jennifer received income from her position with Hudson City School District and Robert received income from his employment as an attorney.

{¶25} The record shows that Jennifer is a member of the State Teachers Retirement System. Jennifer, by statute, is required to contribute fourteen percent of her earned compensation towards her retirement savings plan. *See* R.C. 3307.26(A)(5). This accounts for the difference,

referenced in the lead opinion, between a 12% reduction of Jennifer's W-2 box 5 income and the amount that appears in Jennifer's box 1 income. The deviation she is entitled to under the separation agreement is less than the actual amount she contributed and was required to contribute by law.

{¶26} Further, the trial court's calculation does not include, and the separation agreement does not waive, two requirements found in R.C. 3119.01(C)(12). The first is the requirement found in R.C. 3119.01(C)(12) that Robert's spousal support payments be included in the calculation of Jennifer's gross income. Additionally, the 2019 W-2 provided to the trial court also indicated Jennifer paid $887.45 in union dues. Pursuant to R.C. 3119.01(C)(12)(d), union dues are to be subtracted from her gross income. ("Gross income does not include * * * amounts paid for mandatory deductions from wages such as union dues[.]").

{¶27} Accordingly, for the reasons above, I concur in judgment only.

HENSAL, J.
DISSENTING.

{¶28} This Court cannot address the merits of Wife's first assignment of error. It is fundamental that if a party appeals a trial court order that adopted a magistrate's decision, "'any claim of error must be based upon the actions of the trial court,' not the magistrate." *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, ¶ 28, quoting *Citibank v. Masters*, 9th Dist. Medina No. 07CA0073–M, 2008-Ohio-1323, ¶ 9. Wife's brief, however, largely copies from her objections to the magistrate's decision. She argues that "the Magistrate grossly erred in calculating child support and spousal support[,]" that "[t]he Magistrate clearly erred in the income figures used for Jennifer[,]" and that "[t]he Magistrate erred in not recalculating * * * spousal support." Regarding the trial court's actions, she only notes how it ruled on her objections, the fact that it

remanded the matter back to the magistrate at one point, and that it overruled her second set of objections to the magistrate's decision. She does not develop any sort of argument to support her assignment of error that the trial court, as opposed to the magistrate, erred. To address the first assignment of error on the merits, this Court would have to construct an argument for Wife, which would be improper. See App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out.").

{¶29} I, therefore, respectfully dissent.

APPEARANCES:

GREGORY L. HAIL, Attorney at Law, for Appellant.

SUSAN M. LAWKO, Attorney at Law, for Appellee.