[Cite as *Leiby v. Am. Title Solutions, L.L.C.*, 2024-Ohio-151.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| TODD LEIBY | C.A. No. 30728 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AMERICAN TITLE SOLUTIONS, LLC | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 22-CV-01349 |

DECISION AND JOURNAL ENTRY

Dated: January 17, 2024

HENSAL, Presiding Judge.

{¶1}    Todd Leiby appeals a judgment of the Akron Municipal Court. For the following reasons, this Court vacates the judgment.

I.

{¶2}    Mr. Leiby hired American Title Solutions, LLC to oversee the closing of the sale of his house. According to Mr. Leiby, during the closing process, American Title debited around $3,000 to pay for property taxes. The actual amount of taxes owed, however, was only around $2,150. Mr. Leiby also alleged that American Title made him pay too much in real estate agent commissions. He, therefore, filed a complaint against American Title, seeking to recover close to $2,000 for the overpayments and for breach of contract.

{¶3}    The case proceeded to a hearing before a magistrate. The magistrate found that the reason for the discrepancy in the tax payment was because Mr. Leiby successfully challenged an increase in the property tax for that year. The magistrate also found that American Title had

complied with its contract with Mr. Leiby and had refunded him the tax overpayment. He further found that, under the parties' contract, Mr. Leiby would have to recover any other property tax payment discrepancies from the buyer of the house, not American Title. Because Mr. Leiby had already received everything American Title might have owed him, the magistrate recommended that Mr. Leiby's property tax overpayment claim be dismissed as moot. He also recommended that the court find in favor of American Title on Mr. Leiby's closing-commissions claim.

{¶4} The magistrate's decision contained a notice that Mr. Leiby had 14 days to file written objections with the Clerk of Court. According to Mr. Leiby, he attempted to file objections during the 14-day period, but the courthouse was closed. He, therefore, sent his objections by certified mail and received confirmation from the postal service that it delivered them to the courthouse on the final day of the 14-day period. The Clerk's officer did not timestamp Mr. Leiby's objections, however, for another 14 days. Upon review of the objections, the municipal court found they were untimely based on the timestamp. The court adopted the magistrate's decision and entered judgment for American Title. Mr. Leiby has appealed, assigning four errors.

## II.

### ASSIGNMENT OF ERROR I & II

THE JUDGE'S DECISION TO ORDER FOR DENYING APPELLANT'S OBJECTION TO MAGISTRATE'S DECISION IS ONE OF PURE INCOMPETENCE, BIAS, JUDICIAL NEGLIGENCE, JUDICIAL MISCONDUCT, AND IN VIOLATION OF APPELLANT'S 14TH AMENDMENT RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA. THE ENTIRE CASE FROM THE BEGINNING HAS BEEN A SYSTEMATIC FAILURE ACROSS THE BOARD ON THE COURT'S SIDE OF THIS PROCESS.

{¶5} Mr. Leiby has combined his first and second assignments of error, although he argues them separately in the body of his brief. In his first assignment of error, Mr. Leiby argues that the municipal court incorrectly denied his objections as untimely filed. In his second

assignment of error, Mr. Leiby argues that the municipal court could not have conducted an independent review of the magistrate's decision because the magistrate was biased against him and was confused by the complexity of the case. He also argues that the municipal court judge was biased against him because he represented himself.

{¶6} Regarding whether Mr. Leiby timely filed his objections, Civil Rule 53(D)(3)(b)(1) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision[.]" According to Mr. Leiby, he went to the courthouse two days before the deadline, attempting to file his objections. He was turned away by police officers, who told him that the courthouse was closed. He took a photograph of a sign that indicated the closure, then left. He attempted to call the person whose contact information was on the sign, but there was no answer, and no one returned the voicemail he left. He, therefore, mailed his objections to the court by certified mail that same day. According to the post office's tracking system, his objections were delivered to the courthouse on the final day of the 14-day period, but for some reason were not processed by the Clerk's office until two weeks later.

{¶7} In his brief, Mr. Leiby cites several exhibits that he attempted to attach to his appeal. This Court struck those exhibits, however, because they did not comply with our local rules. When this Court reviews a decision of a trial court, its "review is limited to the record as it existed when the trial court rendered judgment." *Lloyd v. Rogerson*, 9th Dist. Wayne No. 18AP0024, 2019-Ohio-2606, ¶ 17; *see* App.R. 9; *see also* App.R. 12(A)(1)(b).

{¶8} Mr. Leiby argues that the trial court failed to consider a note that he filed with his objections that explained all the events that had transpired that prevented him from filing the objections in person. We note that the record contains a handwritten document that was timestamped on the same day that Mr. Leiby's objections were timestamped. In that document,

Mr. Leiby requested an extension of time for filing his objections, explaining that the courthouse was closed when he attempted to file them in person and indicating that he had mailed his objections that same day. The document does not have any attachments. Although timestamped separately, the document was not docketed by the Clerk as a motion for extension of time. The municipal court also did not address it in its decision.

{¶9} A court may grant a party a reasonable extension of time to file objections to a magistrate's decision "[f]or good cause shown[.]" Civ.R. 53(D)(5). In this case, it does not appear that the municipal court considered Mr. Leiby's motion for extension of time, possibly because the clerk of court did not docket the motion. We, therefore, conclude that the municipal court's judgment must be vacated and this matter remanded for the municipal court to consider in the first instance whether Mr. Leiby has shown good cause for seeking an extension of time to submit his objections to the magistrate's decision. Mr. Leiby's first assignment of error is sustained.

{¶10} Regarding the municipal court's adoption of the magistrate's decision, Mr. Leiby argues that it would have been impossible for the court to conduct an independent review of the magistrate's decision because the magistrate did not make correct findings of fact and was confused by the legal issues presented. Considering our resolution of the first assignment of error, we conclude that this argument is premature. Mr. Leiby's second assignment of error is overruled on that basis.

ASSIGNMENT OF ERROR III & IV

THE SMALL CLAIMS TRIAL MAGISTRATE IN HIS ORIGINAL DECISION WAS COMPLETELY CONFUSED BY THE COMPLEXITY OF THIS CASE, AND ABUSED HIS DISCRETION BY THIS CONFUSION OF FACTS, EXHIBITS, INFORMATION, AND DATES OF THIS CASE, AND ERRORED AND INCORRECTLY APPLIED HIS INTERPRETATION TO THE SIGNED CONTRACTS AND OTHER DOCUMENTS WHICH DID NOT REQUIRE SUCH ACTIONS. NOR DID THE MAGISTRATE HAVE THE CORRECT

FACTS WHICH WERE INSTRUMENTAL IN THE ERRONEOUS DECISION FOR THE APPELLEE.

{¶11} In his third assignment of error, Mr. Leiby argues that the magistrate incorrectly found that American Title repaid him his excess real estate taxes and, therefore, that he had already received what he requested in his complaint. In his fourth assignment of error, Mr. Leiby argues that the magistrate incorrectly found that American Title was merely an escrow agent and, therefore, could not be liable for the overpayment of closing commissions. Because the resolution of these assignments of error involves the same issue, this Court will address them together.

{¶12} In an appeal from an order that adopted the decision of a magistrate, this Court determines whether the trial court "abused its discretion in adopting the decision." *Citibank (South Dakota) N.A. v. Masters*, 9th Dist. Medina No. 07CA0073-M, 2008-Ohio-1323, ¶ 9. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." *Id*., quoting *Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 WL 233491, *2 (May 8, 1996). Mr. Leiby's third and fourth assignments of error focus only on the actions of the magistrate, not the municipal court. Accordingly, they are overruled.

III.

{¶13} Mr. Leiby's first assignment of error is sustained. His second, third, and fourth assignments of error are overruled. The judgment of the Akron Municipal Court is vacated, and this matter is remanded for proceedings consistent with this decision.

Judgment vacated
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶14} I concur in the majority's resolution of the first and second assignments of error. I respectfully dissent in regard to the third and fourth assignments of error as I would conclude that they are moot and decline to address them.

APPEARANCES:

TODD LEIBY, pro se, Appellant.

JOEL D. CAVANAUGH, Attorney at Law, for Appellee.