[Cite as *Restoration Resources, Inc. v. Williams*, 2026-Ohio-2018.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RESTORATION RESOURCES, INC.

    Appellee

    v.

JENNIFER WILLIAMS

    Appellant

C.A. No.     31418

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2024-CVI-03325

DECISION AND JOURNAL ENTRY

Dated: May 29, 2026

---

FLAGG LANZINGER, Judge.

{¶1} Defendant-Appellant, Jennifer Williams, appeals the judgment of the Stow Municipal Court. We affirm.

I.

{¶2} On September 27, 2024, Plaintiff-Appellant, Restoration Resources, Inc., doing business as ServPro of North Summit County, Portage County, and Canton ("Restoration Resources") filed a small claims complaint against Williams in the Stow Municipal Court Small Claims Division for breach of contract. In its complaint, Restoration Resources alleged Williams owed $3,090.00 on the contract and that Williams' account was 13 months past due. The trial court set the matter for a trial in the small claims court and referred the matter to a magistrate.

{¶3} On October 11, 2024, Williams filed a motion to transfer the matter to the regular docket of the Stow Municipal Court and for an extension of time of 28 days to file an answer to the complaint. Restoration Resources opposed Williams' motion. Williams filed a response in

support of her motion. Neither the magistrate nor the trial court ruled on the motion prior to the small claims trial.

{¶4} On October 30, 2024, Williams filed a motion to dismiss the complaint, asserting a specific term in the contract prohibited Restoration Resources from filing a claim against her more than one year from the alleged breach. Restoration Resources opposed Williams' motion, arguing the provision was not applicable to Restoration Resources. In the alternative, Restoration Resources argued the provision did not bar its complaint because Restoration Resources did not become aware it had a cause of action against Williams until December 2023. Restoration Resources asserted it did not learn that Williams had provided it with "non-sufficient funds check" in the amount of $3,000.00 until that time. The magistrate filed an order on November 18, 2024, summarily denying Williams' motion to dismiss.

{¶5} The matter proceeded to a small claims trial before the magistrate. Following the trial, the magistrate issued a decision concluding that Restoration Resources had proven the allegations in its complaint by a preponderance of the evidence. The magistrate did not include any further findings of fact and/or conclusions of law. The magistrate entered judgment for Restoration Resources in the amount of $4,585.00, plus interest at a rate of 8% per annum from the date of judgment and costs. The magistrate noted that the judgment amount included requested attorney's fees. The magistrate's decision advised that any request for findings of fact and conclusions of law must be filed within seven days of the date the decision was filed. Neither party requested findings of fact and conclusions of law.

{¶6} Williams timely objected to the magistrate's decision. Restoration Resources did not file a response. In an order filed February 11, 2025, the trial court overruled Williams' objections, adopted the magistrate's decision, and entered judgment.

{¶7} Williams appeals, raising four assignments of error. We combine Williams' first and fourth assignments of error to facilitate our analysis.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY ENTERING JUDGMENT WITHOUT PROPERLY CONSIDERING THE EVIDENCE.**

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED BY FAILING TO ENFORCE THE CONTRACTUAL ONE-YEAR LIMITATION PROVISION RAISED IN [WILLIAM]'S MOTION TO DISMISS, FILED OCTOBER 30, 2024.**

{¶8} In her first assignment of error, Williams contends the trial court's judgment is against the manifest weight of the evidence because the trial court failed to address specific evidence in its order overruling her objections. In her fourth assignment of error, Williams appears to challenge the trial court's finding that Restoration Resources' complaint was timely. For the following reasons, we overrule Williams' assignments of error.

{¶9} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.), citing *Fields v. Cloyd*, 2008-Ohio-5232, ¶ 9 (9th Dist.). However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} In this case, the magistrate found Restoration Resources had proven the allegations in its complaint by a preponderance of the evidence. The magistrate did not provide any further findings of fact or conclusions of law before entering judgment in Restoration Resources' favor.

Relevant here, Williams' objections asserted in part that (1) she was never issued a bill in the amount of $5,904.34, (2) the only bill entered into evidence shows she paid the balance, and (3) Restoration Resources' complaint was time-barred because it knew or should have known that its cause of action accrued in August 2023. Williams noted in her objections that "information from the Motion to Dismiss was not presented at trial[,]" but asserted that "this information should be included as evidence."

{¶11} These objections appear to challenge the magistrate's finding that Restoration Resources had proven the allegations in its complaint. In overruling these objections, the trial court "f[ound] no reason to disturb the Magistrate's recommendation and adopt[ed] the Magistrate's report in its entirety."

{¶12} Pursuant to Civ.R. 53(D)(3)(b)(iii), a party objecting to a magistrate's decision on the basis of any factual finding must file a transcript of the evidence submitted to the magistrate or an affidavit of that evidence "within thirty days after filing objections unless the court extends the time . . . ." "The duty to provide a transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision." *Bayview Loan Servicing, L.L.C. v. Likely*, 2017-Ohio-7693, ¶ 12 (9th Dist.), quoting *Swartz v. Swartz*, 2011-Ohio-6685, ¶ 8 (9th Dist.). Pursuant to Rule No. 25 of the Stow Municipal Court Rules of Practice,

> An audio record of all proceedings required and maintained and made by the court are available to any person so requesting and may be transcribed and if approved by the court, such transcription shall serve as the official record of the proceedings, and the costs of said recording and/or copying shall be borne by the party requesting the recording.

{¶13} In its order ruling on Williams' objections, the trial court stated that it "reviewed all pleadings, pertinent documents, and the trial testimony." However, a review of the record shows that Williams did not file a transcript or affidavit within thirty days of the filing of her

objections. *See* Civ.R. 53(D)(3)(b)(iii). That review also shows Williams did not request an audio recording of the small claims trial, and the trial court did not approve the use of any such audio recording to be used as the official record of the trial. *See* SMCR No. 25.

{¶14} "Without a transcript of the [trial], [a] trial court [is] required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact." *Bayview Loan Servicing, L.L.C.*, at ¶ 12, quoting *City of Cuyahoga Falls v. Eslinger*, 2004-Ohio-4953, ¶ 6 (9th Dist.). "It follows that [the appellate court] must do the same." *Id.*

{¶15} We note that a transcript of the small claims trial is a part of the appellate record. A review of the record shows Williams filed a praecipe to the court reporter requesting the court report prepare the transcript of the trial for the purposes of filing her appeal. Regardless, "[u]pon appellate review, this Court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision, where the objecting party failed to provide a transcript or affidavit to the trial court in support of its objection." *Vidalis v. Med. Mut. Of Ohio, Inc.*, 2007-Ohio-4656, ¶ 6 (9th Dist.). "Without a transcript, an appellant cannot demonstrate error with respect to factual findings, and thus, the appellate court must presume the regularity of the proceedings and that the facts were correctly interpreted." *Id.* "This Court has held that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Vidalis* at ¶ 10, citing *Haley v. Wilson*, 2002-Ohio-3987, ¶ 5 (9th Dist.).

{¶16} Williams' assignments of error one and four challenge the trial court's factual findings. "However, due to the fact that Appellant failed to provide the trial court with a transcript of the hearing before the magistrate when [s]he filed h[er] objections to the magistrate's decision,

this Court does not know what evidence, if any, [Williams] produced to support h[er] allegation. Accordingly, this Court concludes that the trial court did not err when it adopted and affirmed the magistrate's decision." *Eslinger*, 2004-Ohio-4953, at ¶ 7 (9th Dist.); *see Vidalis* at ¶ 8.

{¶17} Williams' first and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FAILING TO RULE ON [WILLIAM]'S MOTION TO TRANSFER THE CASE TO THE REGULAR DOCKET, FILED OCTOBER 11, 2024.**

{¶18} In her second assignment of error, Williams contends the trial court erred by failing to rule on her motion to transfer the case to the regular docket. For the reasons that follow, we overrule the assignment of error.

{¶19} R.C. 1925.10 governs the transfer of civil actions duly entered on the docket of the small claims division to the regular docket of a municipal court. The statute provides as follows:

> (A) A civil action that is duly entered on the docket of the small claims division shall be transferred to the regular docket of the court upon the motion of the court made at any stage of the civil action or by the filing of a counterclaim or cross-claim for more than six thousand dollars.

> (B) In the discretion of the court, a case duly entered on the docket of the small claims division may be transferred to the regular docket of the court upon the motion of a party against whom a claim, counterclaim, or cross-claim is instituted or upon the motion of a third-party defendant. A motion filed under this division shall be accompanied by an affidavit stating that a good defense to the claim exists, setting forth the grounds of the defense, and setting forth the compliance of the party or third-party defendant with any terms fixed by the court. The failure to file a motion under this division to transfer a case to the regular docket of the court constitutes a waiver by the party or third-party defendant of any right to a trial by jury.

{¶20} "[T]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 2020-Ohio-6856, at ¶ 9 (9th Dist.), citing *Fields*, 2008-Ohio-5232, at ¶ 9 (9th Dist.).

{¶21} Prior to the trial, Williams filed a motion to transfer the matter to the regular docket of the Stow Municipal Court. Restoration Resources opposed Williams' motion, and Williams filed a response in support of her motion. The magistrate did not rule on the motion to transfer before issuing the magistrate's decision and the magistrate's decision did not address the motion to transfer. Williams objected to the magistrate's decision in part on the basis that the matter should have been transferred from the small claims court docket to the regular docket because she wanted to conduct additional discovery.

{¶22} In overruling Williams' objections, the trial court determined that (1) the facts alleged in Restoration Resources' complaint appeared appropriate for the small claims docket, and (2) the facts alleged in Restoration Resources' complaint and the materials attached thereto gave Williams fair notice of the nature of their complaint to allow Williams to prepare a sufficient defense. On appeal, Williams does not develop an argument that the trial court abused its discretion in overruling her objection on this basis. *See* App.R. 16(A)(7). When an appellant fails to develop an argument in support of her assignment of error, this Court will not create one for her. *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.")

{¶23} Williams' second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY DENYING [WILLIAM]'S MOTION WITHOUT REVIEW.**

{¶24} In her third assignment of error, Williams contends the magistrate abused his discretion by denying William's motion to dismiss "without review or consideration, stating in open court that the court did not have time to review it." For the following reason, we overrule Williams' assignment of error.

**{¶25}** "In an appeal from an order that adopted the decision of a magistrate, this Court determines whether the trial court "'abused its discretion in adopting the decision.'" *Leiby v. Am. Title Sols., LLC*, 2024-Ohio-151, ¶ 12 (9th Dist.), quoting *Citibank (South Dakota) N.A. v. Masters*, 2008-Ohio-1323, ¶ 9 (9th Dist.). "'Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision.'" *Leiby* at ¶ 12, quoting *Masters* at ¶ 9.

**{¶26}** Here, the magistrate filed an order on November 18, 2024, denying Williams' motion to dismiss. Williams claims on appeal that the magistrate stated during the trial that he denied the motion despite not having time to review it before denying it. Williams' third assignment of error focuses entirely on the purported actions of the magistrate. Williams has not set forth an argument asserting she is entitled to reversal of judgment based on any error of the trial court. *See Leiby* at ¶ 12, quoting *Masters* at ¶ 9; App.R. 16(A)(7).

**{¶27}** Therefore, Williams' third assignment of error is overruled.

### III.

**{¶28}** Williams' four assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶29} I respectfully dissent as to the majority's resolution of the second and fourth assignments of error. As both assignments of error involve questions of law, a review of the transcript is not necessary to resolve them.

{¶30} Williams filed a motion to dismiss that the judge denied before the hearing. In support of her motion, Williams alleged that the complaint was untimely because the contract provided that all legal actions must be filed within one year. Restoration Resources failed to file the complaint within one year, in accordance with the terms of the contract between the parties. There is no dispute that the work performed by Restoration Resources was completed in August 2023. The complaint was not filed until September 27, 2024. In opposing Williams' motion, Restoration Resources provided bank statements that showed that the non-sufficient funds check

was returned on August 23, 2023. In denying the motion, the trial court simply found the non-sufficient funds check was not discovered until December 2023. In reaching this conclusion, the trial court failed to account for the evidence before the court. The trial court also failed to address the reasonable diligence standard, as required by the parties' contract. Accordingly, I would sustain the fourth assignment of error.

{¶31} I also dissent as to the majority's resolution of the second assignment of error. With regard to the transfer issue, the record makes clear that Williams followed the requirements of R.C. 1925.10(B). Williams indicated that she intended to file counterclaims for malicious prosecution, fraud, consumer sales practice violations and, further, that she would need access to discovery to obtain copies of the invoices, telephone records, and employee statements. Accordingly, as the trial court's denial of the motion resulted in extreme prejudice to Williams, I would hold that the trial court abused its discretion.

{¶32} In light of the foregoing, I respectfully dissent. I would not reach the first and third assignments of error as they have been rendered moot.

APPEARANCES:

JENNIFER WILLIAMS, pro se, Appellant.

DYLAN S. STATLER, Attorney at Law, for Appellee.