[Cite as *A.A. v. Z.A.*, 2023-Ohio-217.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| A.A., | : | |
| Petitioner-Appellee, | : | No. 111529 |
| v. | : | |
| Z.A., | : | |
| Respondent-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 26, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-959077

***Appearances:***

Eric L. Foster, *for appellee.*

Kenneth R. Hurley, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Respondent-appellant, Z.A., appeals the trial court's judgment granting a civil stalking protection order ("CSPO") to petitioner-appellee, A.A. For the reasons that follow, we affirm.

**{¶ 2}** On February 2, 2022, A.A. filed a petition for a CSPO against Z.A. The petition alleged that Z.A. is known to carry a gun and he threatened to kill A.A. and his wife, S.W. The petition further alleges that Z.A. came to their house, damaged their property, and shot at their car. The same day, the administrative judge assigned the matter to a magistrate. The magistrate held an ex parte hearing on A.A.'s petition, issued a temporary protection order protecting A.A. and S.W., and scheduled a full hearing. Personal service upon Z.A. through the Cuyahoga County Sheriff's Department was requested. On February 10, 2022, the docket indicates that failure of service upon Z.A. was noted by the Sheriff's office. Service was then attempted through certified mail upon Z.A., which also was returned "attempted not known." The full hearing was continued until March 23, 2022, for lack of service.

**{¶ 3}** At the beginning of the full hearing, the trial court addressed the failure of service at Z.A.'s former address. Z.A., who was pro se, waived any defect in service. The court had the following exchange with Z.A.:

> Court: You [Z.A.] have the right under Ohio law to request a continuance because you haven't been officially served. You also have the option of moving forward today and just telling your side of the story. I'll just hear both sides of the story for both parties.
>
> Respondent: I want to continue, Your Honor.
>
> Court: So for the record, you're waiving service and you want to continue today?
>
> Respondent: Yes, Your Honor.

(CSPO hearing, Mar. 23, 2022, tr. 6.)

{¶ 4} As a result, the court proceeded with hearing testimony from A.A., S.W., and Z.A. A.A. testified that he had caught Z.A. and A.A.'s ex-wife, N.S., together while A.A. and N.S. were still married. A.A. subsequently remarried S.W. A.A. produced a video recorded by S.W. on June 29, 2021, depicting Z.A. and N.S. searching for A.A.'s parked car and covering it with black paint. The video was played to the court.

{¶ 5} During the video, A.A. identified Z.A. and N.S. A.A. also testified that he learned from a mutual acquaintance that Z.A. and N.S. shot at A.A.'s car while he drove past them on St. Clair Avenue. A.A. added that he had been driving a rental car at the time and N.S. was the only one who knew he was driving the rental car. A.A. produced photographs showing a shattered driver's side window, bullet holes in the car, and spent shell casings on the street.

{¶ 6} A.A. also testified that Z.A. sent him a threatening letter, had threatened him personally, chased him in his car on East 55th Street, and threatened him with a gun. A.A. produced photographs showing bruising on his face and arms and testified that he sustained this bruising when Z.A. and another man attacked him as he left his house at 5:00 a.m. one morning in late 2019.

{¶ 7} In addition, A.A. produced a flyer containing a photograph of A.A. and insulting remarks written in Arabic across the top of it. A.A. testified that these flyers were posted outside his mosque and other public places and that people who attended the mosque had identified Z.A. as the person who posted them. Finally, A.A. produced cellphone records indicating incoming calls from Z.A. between mid-

August and mid-September 2021. A.A. testified that in these phone calls, Z.A. had threatened A.A. to try to get him to drop another CSPO petition that A.A. had filed against N.S.

{¶ 8} S.W. testified next. S.W. testified that Z.A. and N.S. had damaged A.A.'s car on June 29, 2021, and had told her in November 2020, that if she did not divorce A.A., they would "destroy [A.A.'s] life." S.W. stated that these incidents have been ongoing since 2018.

{¶ 9} Z.A. testified that he first met A.A. in 2019, while they were working at the same gas station and they became acquainted when A.A. asked Z.A. to take N.S. to his house or a parking lot so that A.A. could photograph them together to obtain a divorce. Z.A. also testified that he had learned from a mutual acquaintance that A.A. had another person punch him in the eye to make it look like he was attacked. Z.A. further testified that A.A. paid him $400 to do "black magic" on N.S. Z.A. testified that A.A. quit his job to avoid paying child support and that Z.A. gave the $400 to N.S. Z.A. denied all of A.A.'s allegations, claiming that they are retaliation for Z.A.'s testimony in a domestic violence case filed by A.A. against N.S. in January 2022.

{¶ 10} After the hearing, the magistrate found A.A. and S.W.'s testimony more credible than Z.A.'s and on April 18, 2022, granted the CSPO, naming A.A. and S.W. as protected persons. The CSPO is to be effective until February 2, 2027. The trial court adopted the CSPO and signed and filed it with clerk of courts the following day. No objections were filed to the trial court's adoption of the magistrate's

decision. Instead, Z.A. filed the instant appeal, raising the following two assignments of error for review:

> **Assignment of Error I:** The trial court abused its discretion in finding that [Z.A.] violated R.C. 2903.211.

> **Assignment of Error II:** The trial court failed to properly advise [Z.A.] of the significance of his waiver of service, waiver of counsel[,] and the nature of the proceedings.

{¶ 11} As an initial matter, we must determine whether Z.A.'s appeal is properly before this court.

{¶ 12} The rules governing CSPO petitions are set forth in Civ.R. 65.1. Under Civ.R. 65.1(F), a CSPO petition may be referred a magistrate. The magistrate's granting or denial of the CSPO is subject to approval, modification, or rejection by the trial court and becomes effective when signed by the court and filed with the clerk. Civ.R. 65.1(F)(3)(c). A party may file written objections to the trial court's adoption, modification, or rejection of the magistrate's granting or denial of the CSPO within 14 days of the court's filing of the order. Civ.R. 65.1(F)(3)(d)(i). An order entered by the court under Civ.R. 65.1(F)(3)(c) is a final, appealable order, but written objections to this order must be timely filed under Civ.R. 65.1(F)(3)(d) prior to filing an appeal. Civ.R. 65.1(G).

{¶ 13} Pursuant to the July 1, 2016 amendment to Civ.R. 65.1, "*a party must timely file objections to such an order under (F)(3)(d) of this rule prior to filing an appeal*, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." (Emphasis added.) Civ.R.65.1(G). The July 2016 amendment to Civ.R. 65.1 specifically requires "that a

party must file objections prior to filing an appeal from the trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling." Civ.R. 65.1, Division (G) notes. As the staff note explains: "[t]his amendment is grounded on two key principles. First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed." Civ.R. 65.1, Division (G) notes.

{¶ 14} In the instant case, Z.A. did not file any objections to the trial court's adoption of the magistrate's decision granting the CSPO prior to filing this appeal. Without timely filed objections pursuant to Civ.R. 65.1(G), Z.A. waived any argument challenging the trial court's decision to adopt the CSPO on appeal. Therefore, we decline to address the merits, and we overrule the first and second assignments of error.

{¶ 15} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were not reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
FRANK DANIEL CELEBREZZE, III, P.J., CONCURS IN JUDGMENT ONLY