[Cite as *J.T. v. K.S.*, 2023-Ohio-4130.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

J.T.,                                         :

     Petitioner-Appellant,          :

                                       No. 112752

     v.                              :

K.S.,                                         :

     Respondent-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 16, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-978255

---

### *Appearances:*

J.T., *pro se*

MICHAEL JOHN RYAN, J.:

{¶ 1} Appellant-petitioner J.T., pro se, appeals from the trial court's May 9, 2023 order denying his petition for a civil protection order. After a review of the pertinent law, we affirm.

{¶ 2} On April 19, 2023, appellant, pro se, filed a petition for a civil stalking protection order under R.C. 2903.214 against appellee-respondent K.S. An ex parte

hearing was held and a temporary protection order was granted the same day. Appellee was served with the order, and the matter proceeded to a full hearing before a magistrate on May 3, 2023. Appellant, pro se, and appellee, represented by counsel, appeared for the full hearing. After the hearing, the magistrate issued a decision denying appellant's petition. The order stated that the parties had 14 days from its date, May 5, 2023, to file objections to it. On May 9, 2023, the trial court adopted the magistrate's decision. Appellant filed his notice of appeal on May 22, 2023. His sole assignment of error reads: "The trial court erred by not granting the stalking protection order against [appellee] in Trial court on May 3rd 2023."

{¶ 3} Civ.R. 65.1(A) governs petitions for civil protection stalking orders brought under R.C. 2903.214. The rule provides, in part, that "[w]hen a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is *no error of law or other defect evident on the face of the order*." (Emphasis added.) Civ.R. 65(F)(3)(c)(ii). Thus, "the trial court need only review the order itself before deciding whether to adopt, reject, or modify it. Nothing within the language of Civ.R. 65.1 prohibits a trial court from contemporaneously adopting a magistrate's decision." *J.P. v. T.H.*, 9th Dist. Lorain No. 14CA010715, 2016-Ohio-243, ¶ 13.

{¶ 4} Appellant failed to file objections to the trial court's adoption of the magistrate's decision. This court has held that "[a]n order entered by the court under Civ.R. 65.1(F)(3)(c) is a final, appealable order, but written objections to this

order must be timely filed under Civ.R. 65.1(F)(3)(d) prior to filing an appeal. Civ.R. 65.1(G)." *A.A. v. Z.A.*, 8th Dist. Cuyahoga No. 111529, 2023-Ohio-217, ¶ 12. Without timely filed objections pursuant to Civ.R. 65.1(G), appellant waived any argument challenging the trial court's decision to deny the civil stalking protection order on appeal. Therefore, we decline to address the merits of this appeal, and we overrule appellant's sole assignment of error.

{¶ 5} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR