[Cite as *State v. Gardner*, 2024-Ohio-1897.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

M.C.,                                              :

    Plaintiff-Appellee,                 :

                                                             No. 113111

    v.                                              :

LARRY H. GARDNER, JR.,              :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 16, 2024

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. DV-21-387713

---

*Appearances:*

M.C., *pro se.*

Larry H. Gardner, Jr., *pro se.*

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Larry H. Gardner, Jr. ("Gardner"), appeals the trial court's decision denying his motion objecting to the magistrate's decision,

denying his motion to terminate the civil protection order, and denying him leave to perfect his filing. We affirm the trial court's decision.

## I.     Facts and Procedural History

{¶2} Plaintiff-appellee, M.C., filed a motion to renew a domestic violence civil protection order ("DVCPO") against Gardner on May 22, 2023. A hearing was held before a magistrate on June 5, 2023. Gardner was present for the hearing and participated. The magistrate informed both parties that M.C. would testify first because she had the burden of proof. The magistrate also explained to Gardner that he would have an opportunity to cross-examine M.C. and then have an opportunity to present his testimony and evidence.

{¶3} At the end of the hearing, the magistrate stated:

> The case is now considered heard and submitted which means I have all the evidence I can use as a basis for ruling on the motion. And so, that emergency order that's in place, that's going to stay in place until you receive that written decision.
>
> The written decision will replace that emergency order. If Petitioner has carried her burden, it will be in the form of a new order. If she has not, you will get a written decision stating that and dissolving that emergency order.

Tr. 123–124.

{¶4} On June 9, 2023, four days after the trial, Gardner sent a letter to the magistrate who presided at the hearing, but Gardner did not inform the opposing party. The magistrate ruled that Gardner's letter was an attempted ex parte communication with the magistrate. On June 20, 2023, Gardner filed a motion to

vacate ex parte judgment for perfection of service and/or hearing on the matter.

On June 23, 2023, the trial court denied his motion, stating:

> Petitioner [M.C.] filed a Motion to Renew Domestic Violence Civil Protection Order (No. 460030) on May 23, 2023. Trial of that motion was held before the Magistrate on June 5. Respondent was present and participated in the trial. Four days after the trial, Respondent transmitted an ex parte communication to the Court, which was stricken. On June 20, 2023, Respondent filed this motion. On its face the motion is an attempt to introduce new or additional arguments two weeks after the trial has been concluded. This is impermissible and Respondent's new or additional arguments must be disregarded.
>
> IT IS THEREFORE ORDERED that Respondent's Motion to Vacate Ex parte Judgment for Perfection of Service and/or Hearing on the Matter (No. 460817) is DENIED.

Judgment Entry No. 150358132 (June 23, 2023).

{¶5} On June 22, 2023, the magistrate issued a decision in response to the June 5, 2023 trial. The magistrate issued a DVCPO, and the trial court adopted the decision on the same day. On June 30, 2023, Gardner filed a praecipe to the court reporter for transcript of hearing and notice of payment of deposit but did not file any preliminary objections. On July 25, 2023, Gardner filed his objections to the protection order, objection of magistrate's decision, motion to terminate civil protection order, and leave to perfect any timely filing deficiencies due to the unavailability of transcripts as required. On July 27, 2023, the trial court overruled Gardner's objections in their entirety and stated that the protection order remains in full force and effect. Judgment Entry No. 153552254 (July 27, 2023).

**{¶6}** The trial court, in its judgment entry, cited Civ.R. 65.1(F)(2)(d)(i), which provides that a party objecting to a magistrate's decision must file objections within 14 days of the decision. Gardner's objections were due July 6, 2023, but he did not file them until July 25, 2023. Also, the record reflects that Gardner did not file preliminary objections that a party is permitted to file while transcripts are being prepared. The trial court ruled against Gardner and found his motions and objections untimely.

**{¶7}** Gardner filed this appeal assigning three errors for our review:

1. The trial court erred when it denied the appellant's objection;

2. The trial court erred when it failed to allow the appellate leave to perfect his filing; and

3. The trial court erred when it ruled that the appellant was seeking more than one type of relief in the same motion.

## II. Objection to the Magistrate's Decision

**{¶8}** In Gardner's first assignment of error, he argues that the trial court erred when it denied his objection to the magistrate's decision. The rules governing civil protection order petitions are set forth in Civ.R. 65.1. The magistrate rendered a decision granting the DVCPO on June 22, 2023. According to Civ.R. 65.1(F)(3)(d)(i):

> A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order. If any party timely files objections,

any other party may also file objections not later than ten days after the first objections are filed.

**{¶9}** Gardner claims that he filed his objection on June 30, 2023. But the record reveals that he instead filed a praecipe to the court reporter for transcript of hearing and a notice of payment of deposit. Gardner could have filed preliminary objections without a transcript. However, the docket does not reflect that Gardner filed any preliminary objections to the magistrate's decision. "If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." Civ.R. 65.1(F)(3)(d)(iv). The record does reflect that Gardner filed his objections with the trial court on July 25, 2023. Gardner's objections were due to the court on July 5, 2023. As such, Gardner's July 25, 2023 objection to the magistrate's decision was untimely as defined by Civ.R. 65.1(F)(3)(d)(i).

**{¶10}** Additionally, "a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal * * *." Without timely filed objections pursuant to Civ.R. 65.1(G), Gardner waived any argument challenging the magistrate's decision and the trial court's adoption of the DVCPO on appeal. Therefore, we decline to address the merits. *See A.A. v. Z.A.*, 8th Dist. Cuyahoga No. 111529, 2023-Ohio-217, ¶ 14.

### III. Leave to Perfect Filing

{¶11} In Gardner's second assignment of error, he contends that the trial court erred when it failed to allow him leave to perfect his filing. Specifically, Gardner argues that he filed his objection to the magistrate's decision on June 30, 2023, and a copy of the transcript was not available until July 21, 2023. The transcript was made available to Gardner on July 19, 2023. Gardner argues that because he filed a timely preliminary objection, the trial court erred by not allowing him leave to perfect his filing to include the transcript.

{¶12} Gardner's arguments are misplaced. Civ.R. 65.1(F)(3)(d)(iv) states, in part: "Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." However, "[i]f a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Id*. The record does not reflect that Gardner filed a timely objection prior to the date on which the transcript was prepared. Thus, the trial court's decision dismissing Gardner's motion for leave to perfect his filing was not in error.

{¶13} Therefore, Gardner's second assignment of error is overruled.

## IV. Multiple Motions

{¶14} In Gardner's third assignment of error, he argues that the trial court erred when it ruled that he was seeking more than one type of relief in the same motion and overruled the entire motion. The trial court stated in its judgment

entry: "Respondent seeks to terminate the DVCPO and to be exempted from time limits for filing, in addition to objection to the Magistrate's decision. Only his objection is properly before the Court; his other requests for relief cannot be heard."

{¶15} In Gardner's brief, he does not deny that he moved the trial court to hear several issues on a single motion in violation of Loc.R. 15(A)(1) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, which states, in part: "A party seeking more than one type of relief shall file a separate motion for each type of relief sought." Instead, he argues that the trial court did not follow its own rule when it failed to grant him leave.

{¶16} Gardner contends that under Loc.R. 27(1)(c) and (e) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, the trial court was statutorily bound to grant him automatic leave and failure to do so resulted in several types of relief being sought in one motion.

{¶17} Loc.R. 27(1) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, states:

> c. A party filing objections that require a transcript must file his or her objections within the fourteen (14) day time period set forth above, and must file a Notice of Intent to supplement objections after the transcript has been completed, for which leave will automatically be granted; and

> * * *

e. A party may have an additional fourteen (14) days following the completion of the transcript within which to file supplemental objections, provided that notice was filed as set forth in (c) above.

{¶18} As previously stated in assignment of error two, the record does not reflect that Gardner filed a timely objection to the magistrate's decision. Nor does the record reflect that Gardner filed a notice of intent to supplement objections after the transcript had been completed.

{¶19} Therefore, Gardner's third assignment of error is overruled.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR